WILLIAM DAY *vs.* PHILIP H. BASSETT & another.

The buyer of machinery, who held it on condition that it should remain property of the seller till the price was paid, sold it to a third person, and afterwards tendered the price to his seller, who had never demanded payment. *Held*, that, upon the tender, although it was refused, the title passed to the third person.

TORT against Bassett and Joab S. Holt for breaking and entering a mill occupied by the plaintiff, taking and carrying away a shaft, and interrupting thereby the plaintiff's business. Trial in the superior court, before *Reed,* J., who allowed the following bill of exceptions :

" The plaintiff offered evidence tending to show that the defendants, with force and violence, broke and entered the plaintiff's close described in his writ, and, with force and violence, took and carried away the shaft in question ; and that by reason thereof his business was interrupted, and he suffered damage

thereby to a very considerable amount. The defendant Holt
claimed to be the owner of the shaft, and the defendants relied
upon his ownership of the shaft, and a license from the owner of
the real estate, as hereinafter stated, as a justification of the tres-
pass.    There was evidence tending to show that some time in
the summer or fall of 1866 Holt was the owner of the shaft in
question; that he sold and delivered it to Job Henry for $31.20,
Henry at the time giving him $10 in part payment for it; that
there was an agreement between Holt and Henry that the shaft
should remain Holt's until it was paid for; that Henry took the
shaft and put it into the mill aforesaid and connected it with the
machinery; that within a short time thereafter he sold the ma-
chinery, except the shaft, and not long afterwards sold the shaft,
to the plaintiff, who became tenant of the mill, and afterwards
continued to use the shaft in the mill until February 18, 1867,
the time of the alleged trespass.

" There was also evidence tending to show that on January
12, 1867, some time after Henry had undertaken to sell the
shaft, Henry tendered to Holt $21.20 in payment for the bal-
ance due on the shaft, which Holt declined to receive; that Holt
had other personal property on the premises, which was there
before the plaintiff became tenant; and that the owner of the
real estate gave Holt a license to enter upon the premises to
take away his personal property, including the shaft, whenever
he might see fit.

" The plaintiff asked the judge to rule that if the contract
between Holt and Henry was as above stated, and if on Jan-
uary 12, 1867, Henry made a tender to Holt of the full amount
due him for the shaft, Holt would have no right on February 18,
1867, to enter upon the premises to take it away.    The judge
refused so to rule, and instructed the jury that if the title by
Holt to Henry was, as above stated, upon condition that the
property should remain Holt's until it was paid for, no title
passed to Henry until this condition was complied with, and no
title would pass to the plaintiff by the sale, before such compli
ance, by Henry to him; that, after such a sale without right by
Henry, Holt was not obliged to accept the money so tendered

and affirm the sale; and that, if Holt did not elect so to do, the title would still remain in him notwithstanding the tender, and he would have the right to enter upon the premises in a peaceable manner and take the shaft away, if they should be satisfied that Holt had a license as aforesaid. The verdict was for the plaintiff for $1.23;" and he alleged exceptions.

*G. F. Verry & M. J. McCafferty*, for the plaintiff.

*H. B. Staples & F. P. Goulding*, for the defendants.

CHAPMAN, C. J. It appears that Holt, being the owner of the shaft which is the subject of controversy, sold and delivered it to Henry for $31.20, receiving $10 as part payment; that it was agreed that it should remain the property of Holt till it was paid for; and that Henry took it and put it into the mill in his occupation, and connected it with the machinery, and it continued to be used with the machinery. It is implied by the statement of the case that this was with the consent of Holt. But as no time of payment appears to have been fixed, it is implied that payment was to be made on demand. Henry would have the right under these circumstances to retain and use the shaft till he made default. Until such default Holt could not reclaim the property; and upon a tender of the balance due Henry's title would become absolute. But before making the tender he sold the machinery in the mill to the plaintiff, who entered and took possession of the property, including the shaft. He did not remove the shaft, but continued to use it as Henry had done. It is contended that this sale forfeited Henry's right to complete his title by making payment of the balance. But this cannot be so consistently with the principles applicable to such contracts. As in the case of *Vincent* v. *Cornell*, 13 Pick. 294, it was a conditional sale to him, liable to be defeated by nonperformance of the condition. He had a right to dispose of the property, with his right therein, such as it was, to the defendant. He had a possession and a right of possession, and a right to use the property where it was until default of payment.

When Henry perfected his own title by a tender of the balance due, the plaintiff's title became perfected thereby, and the defendants afterwards took the shaft away without right. These

principles are in accordance with the case of *Coggill* v. *Hartfora & New Haven Railroad Co.* 3 Gray, 548. In that case the bargainees had neglected to pay for the property by note, as they had agreed to do, and the vendor's right to repossess himself of the property was put upon the ground that the condition had not been fulfilled. See also *Reed* v. *Upton,* 10 Pick. 522; *Whipple* v. *Gilpatrick,* 19 Maine, 427.    *Exceptions sustained.*