GEORGE CROMPTON & another *vs.* SUMNER PRATT.

The presumption that payments made on an account current are to be applied in discharge of the earliest items in the account is not rebutted by the fact that those items are for goods sold on condition that they shall not become the property of the purchaser till paid for; although a memorandum of the condition is entered by the seller in his books containing the account.

The buyer of machinery, who held it on condition that it should remain the property of the seller till the price was paid, mortgaged it to a third person. *Held,* that on payment of the price the mortgage became valid.

TORT for the conversion of a fulling mill, napper and shear. Writ dated February 13, 1869.

At the trial in the superior court, before *Devens,* J., "it appeared that the defendant was a dealer in machinery and manufacturers' supplies; that on February 5, 1868, he sold and delivered the shear to John O'Brien, who was a woollen manufacturer, for the agreed price of $100; that on February 21 he sold and delivered to O'Brien the napper for the agreed price of $35, and on March 30 sold and delivered to O'Brien the fulling mill for the agreed price of $155, making in all $290, all said articles to be the property of the defendant until paid for; that the defendant then opened an account on his books with O'Brien, and therein charged the machines to O'Brien with the above prices carried out, and entered thereon a memorandum of said condition; and that afterwards, at various times down to May 9, 1868, the defendant sold and delivered other goods to O'Brien on credit, amounting to $735.39, which he charged to him on his books in the same account with the machines, the whole account being kept in the usual form of merchants' book accounts."

"It further appeared that O'Brien paid the defendant on April 14, 1868, $100, on October 7, 1868, $294.56, and on October 10, 1868, $478.83, making in all $873.39; that said sums were paid by O'Brien, and were received and applied by the defendant towards the payment of said account, were entered by the defendant on his books to the credit of O'Brien, and were the three first items of credit on said account; that no agreement was made by the parties as to the application of said payments, and neither

of them directed or made any specific application thereof to any particular items or class of items of the account, except as appears upon the facts stated; that on August 1, 1868, O'Brien mortgaged the machines with other property to the plaintiffs to secure the sum of $6000; that the mortgage was duly recorded on said date, and the debt remained unpaid; that the plaintiffs had no notice of said condition when they took the mortgage, and were then told by O'Brien that he was the absolute owner of the machines; that the machines remained in O'Brien's mill, and in use by him from the time he purchased them of the defendant until after October 10, 1868, when they were taken possession of by the defendant, and sold; and that the proceeds of the sale were credited to O'Brien on said account, as cash, said credits amounting in all to $215.

" The parties agreed that the value of the fulling mill was $110, of the napper $30, and of the shear $85.

" Upon the foregoing facts, which were not in dispute, by consent of the parties the judge withdrew the case from the jury, and reported the question, whether the plaintiffs could maintain said action upon said facts, and if so, for what amount, for the determination of the supreme judicial court, such judgment to be entered upon the foregoing facts as the court should direct."

*T. L. Nelson & H. B. Staples*, for the plaintiffs. The payments should be applied to the discharge of the earliest items in the account. *Sandwich* v. *Fish*, 2 Gray, 298. *Allcott* v. *Strong*, 9 Cush. 323. *Postmaster General* v. *Furber*, 4 Mason, 333. *Meggott* v. *Mills*, 1 Ld. Raym. 286. *Clayton's case*, 1 Meriv. 572, 610. 2 Greenl. Ev. § 533.

*P. E. Aldrich*, for the defendant. The payments should have been applied to the discharge of the unsecured debts, that being most beneficial to the creditor. *Field* v. *Holland*, 6 Cranch, 8. *Alexandria* v. *Patten*, 4 Cranch, 317. *Parker* v. *Green*, 8 Met. 137, 144. *Clayton's case*, 1 Meriv. 572, 608. *Hilton* v. *Burley*, 2 N. H. 193. See *Upham* v. *Lefavour*, 11 Met. 174. At the date of the mortgage O'Brien had only paid $100 to the defendant, not enough to pay for the machines; they therefore remained the property of the defendant, and no rights in them passed to

the plaintiffs by the mortgage. *Jones* v. *Richardson*, 10 Met. 481. *Moody* v. *Wright*, 13 Met. 17, 29. *Barnard* v. *Eaton*, 2 Cush. 294, 303. *Codman* v. *Freeman*, 3 Cush. 306.

WELLS, J. Upon the facts stated we think a jury would have been warranted in finding that the price of the articles sued for had been paid by O'Brien to the defendant, before the latter retook and sold them. They were charged in general account, upon the defendant's books, with other articles sold and delivered in the usual mode. They were the earliest in date upon that account; "the whole account being kept in the usual form of merchants' book accounts." The sums credited "were paid by O'Brien and were received and applied by the defendant towards the payment of said account." "Neither of them directed or made any specific application thereof to any particular items or class of items of the account, except as appears upon the facts stated."

The general rule of law, in case of payments by a debtor to one who is his creditor upon distinct transactions, or for distinct amounts, when neither party makes an appropriation at the time, is that the payments are applied by law to the liabilities of earliest date. The authorities cited by the plaintiffs we think sufficiently sustain this position. The rule is especially applicable to items of debt and credit in a general account current.

We do not think the other facts stated are sufficient to overcome the presumption involved in this rule of law. The interest of O'Brien to perfect his title to the property weighs against the interest of the defendant to obtain payment of his unsecured rather than of his secured claims. But the option belongs to the debtor in preference to the creditor; and it is only when he omits to exercise that option that the law presumes an intention on his part to allow the creditor to exercise his election. When both parties concur in the entry of the payments upon general account, without specific application, the law infers an intention on the part of both, that they shall satisfy the charges therein in the order of their entry; and they will be so applied unless some controlling equity requires a different disposition. We do not discover any such controlling equity in this case.

The fact that the defendant minuted the terms of the delivery against the charges upon his books, when the entries were made, does not, in our opinion, affect the question of the intent with which the payments were made, received and credited.

When the defendant undertook to assert his right to retake the property, the law had already so applied the payments, made and credited in general account, as to perfect the title of O'Brien, and thereby give validity to the plaintiffs' mortgage. *Day* v. *Bassett,* 102 Mass. 445.

By the terms of the report, judgment is to be entered for the plaintiffs, if, in the opinion of this court, they could maintain said action upon said facts. As we are of opinion that they can maintain the action, judgment must be entered accordingly for the agreed value of the articles, with interest from the date of the writ.