ARTHUR T. CURRIER *vs.* RUSSELL R. KNAPP.

Suffolk.    March 23, 1875.    AMES & DEVENS, JJ., absent.

Goods were delivered to a buyer under an agreement by which the seller was to give to the buyer a bill of sale of the goods upon the full payment of the price which was to be made in instalments, and the title was meanwhile to remain vested in the seller with the right of removal without process of law in case any of the payments were not made. The instalments were all paid when due, and prior to the last payment the buyer sold the goods to a third person. *Held*, that the agreement amounted to a conditional sale, and that upon the performance of the condition by the buyer the title vested in his grantee without any further bill of sale, and the latter could maintain an action for the conversion of the goods against an officer, who attached them as the property of the original buyer.

TORT for the conversion of a soda fountain. The case was submitted to the Superior Court and to this court, on appeal, on an agreed statement of facts, in substance as follows:

On June 13, 1873, G. D. Dows & Co. delivered the property, which is the subject of this action, to W. S. Proctor, under an agreement of lease by which Proctor was to pay a certain sum in instalments, and on receipt of the entire sum Dows & Co. agreed to give Proctor a bill of sale of the property; "but until such time the ownership shall remain vested in the said G. D. Dows & Co., with the right of removal without process of law, in case any of the payments are not made as per agreement."

Proctor retained possession of it till he sold and delivered it to plaintiff as hereinafter set forth, complied with all the terms of the agreement and paid the last instalment therein named on

October 15, 1873, at which time Dows & Co. gave to Proctor an absolute bill of sale of the property. More than a month prior to this last date, Proctor sold and delivered the property to the plaintiff, who took possession thereof and retained possession with the continuous consent and knowledge of Proctor. On October 15, immediately after the delivery of the bill from Dows & Co. to Proctor, and before any other conveyance had been made from Proctor to the plaintiff, the property was attached on mesne process, by the defendant, under the authority of a writ sued out of the Municipal Court of Boston, by Dows & Co., against Proctor. At the request of Currier the property was left on his premises by the officer under the care of an agent of Currier's, which agent was duly appointed keeper thereof. The writ was duly returned, judgment entered, and execution issued, and thereafter on November 29, 1873, a levy was duly made thereon as the goods of Proctor, and sold by the defendant; the plaintiff demanded the property of the defendant, who declined to give it up, and thereupon brought this suit.

The Superior Court ordered judgment for the plaintiff for $148, and the defendant appealed to this court.

*F. F. Heard & D. B. Gove*, for the defendant. The contract between Dows & Co. and Proctor passed no present interest to the latter, which would pass by a bill of sale from him to Currier. Proctor had a right of possession and a right to use the property where it was, until default of payment. But this right of possession was a qualified right. The property, by the terms of the contract, was subject to removal by Dows & Co. Proctor could not rightfully remove or dispose of the property; and this distinguishes the case from *Day* v. *Bassett*, 102 Mass. 445. Proctor had an interest in the property which would ripen into a perfect title by making the payments due *in futuro*, and receiving a bill of sale. The condition on which he took the property was broken by the sale to Currier. He had a mere possibility, coupled with a contingent interest, and not a vested interest, and this contingent interest was not the subject of a bill of sale.

*J. D. Long*, for the plaintiff, was not called upon.

BY THE COURT. The agreement between Dows & Co. and Proctor amounted to a conditional sale, under which Proctor had an interest in the goods, which he might convey, and which, upon

the performance of the condition by him, became an absolute title in his grantee, without any further bill of sale.  *Day* v. *Bassett*, 102 Mass. 445.                    *Judgment for the plaintiff.*