CYRUS NEWHALL & another *vs.* D. E. KINGSBURY.

Hampden. Sept. 27. — Oct. 22, 1881. LORD & DEVENS, JJ., absent.

If a chattel is sold and delivered upon condition that it shall be paid for on a certain day, and shall remain the property of the seller until paid for, the seller has not such possession or right to immediate possession as will support an action of tort in the nature of trover, against an officer who has attached the chattel as the property of the purchaser, brought before the day named for payment.

MORTON, J. This is an action of tort in the nature of trover to recover the value of a mowing-machine, which the defendant, a deputy sheriff, attached and sold as the property of one Calkins. The evidence shows that the plaintiffs sold the machine to Calkins in June 1879, upon the conditions that he should pay one half of the price on August 15, and the other half on September 20 of the same year, and that the machine should be the property of the plaintiffs until paid for. This agreement amounted to a conditional sale, liable to be defeated upon the non-performance of the conditions. Calkins, after the delivery to him, had a rightful possession which the plaintiffs could not interfere with until a failure by him to perform the condition. He had an interest in the property which he could convey, and which was attachable by his creditors, and which could

be ripened into an absolute title by the performance of the conditions. *Vincent* v. *Cornell*, 13 Pick. 294. *Day* v. *Bassett*, 102 Mass. 445. *Currier* v. *Knapp*, 117 Mass. 324.

The defendant attached the machine on July 9, and sold it on execution on August 22, 1879. The plaintiffs' writ is dated July 28, 1879. Even if the sale by the defendant without performing the condition made him a trespasser *ab initio*, so that the plaintiffs could at any time after the breach of the condition maintain trover against him, yet the difficulty is, that, at the time the plaintiffs commenced this suit, there had been no breach of the condition, and they had no right of possession. In order to maintain trover, a plaintiff must show that, at the time he commences his suit, he had possession or a right to the immediate possession. *Winship* v. *Neale*, 10 Gray, 382. *Ring* v. *Neale*, 114 Mass. 111. *Hardy* v. *Munroe*, 127 Mass. 64.

It follows that this action was prematurely brought, and that the ruling of the Superior Court was correct.

*Judgment on the verdict for the defendant.*

*E. W. Chapin & W. H. Brooks*, for the plaintiffs.

*R. O. Dwight*, for the defendant.