## CHARLES W. SEARS vs. MARY F. LELAND.

Worcester. Oct. 4. — Nov. 23, 1887. C. ALLEN & KNOWLTON, JJ.,
absent.

If a person attaches mortgaged personal property which is in the possession of the
mortgagor under a conditional sale, the terms of which have not been complied
with, and, upon the demand of the mortgagee, pays the amount due on the
mortgage to the latter, who assigns to him all his right, title, and interest in the
mortgage, such person cannot maintain a bill in equity against the mortgagee to
recover the amount so paid by him, upon the ground that the payment was
made under a mutual mistake as to the validity of the mortgage.

BILL IN EQUITY to recover the amount paid by the plaintiff upon a mortgage of personal property given by Eugene M. Worthing to the defendant, and by her assigned to the plaintiff, upon such payment, together with the amount of certain expenses incurred by the plaintiff. . The defendant demurred to the bill for want of equity. Hearing in the Superior Court, before *Staples*, J., who sustained the demurrer, and dismissed the bill; and the plaintiff appealed to this court. The facts appear in the opinion.

*W. A. Gile*, for the plaintiff.

*G. H. Mellen*, for the defendant.

DEVENS, J. By the amended bill it appears that Worthing was in possession of the property mortgaged (which was afterwards attached by the plaintiff) under a conditional sale, although nothing had been paid thereon, and the conditions of such sale had not been complied with. The defendant, upon the attachment of the property by the plaintiff, demanded the amount due upon her mortgage; the plaintiff paid the same, and the defendant then assigned to him all her right, title, and interest in the mortgage. The plaintiff now claims to recover from the defendant the amount paid by him upon said mortgage, together with certain expenses to which he has been subjected in restoring the property to the true owner, upon the grounds that the mortgage was invalid, and that said payment was made under a material mistake as to the validity of the mortgage. Whether the plaintiff should pay this mortgage or not was a matter at his own option; and the defendant was compelled to

accept such payment, or lose her rights by virtue of it. We do not perceive, upon the case as stated, that the mortgage was invalid as a security, even if it was in fact valueless.

The mortgagor, Worthing, having obtained property under a conditional sale, had a right to mortgage it, and, in the hands of the defendant, the security was a valid and subsisting one. He had the possession of the property, and the right to possession, and could dispose of the property with his right therein, even if the sale to him was liable to be defeated by non-performance of the conditions. *Day* v. *Bassett*, 102 Mass. 445. *Crompton* v. *Pratt*, 105 Mass. 255. Of the right which the defendant had to comply with the conditions of the sale she has been deprived by the act of the plaintiff.

But if this were otherwise, and if the mortgagor had no property or right in the articles mortgaged, the plaintiff has no ground of complaint against the defendant. The plaintiff obtained from the defendant an assignment of all her interest in the mortgaged property, but there was no warranty, and the words chosen were apt to express a conveyance of such right, title, and interest, if any, as she might have. Where the subject of a contract has no existence, as where two parties contract as to the sale of a horse, which, without the knowledge of either, is dead, the contract may indeed be rescinded. But this principle has no application where one voluntarily purchases such right, title, or interest in property as another may have, even if both parties are in error as to the extent or value of that title or interest, or even if in fact the seller has no right. The subject of the contract is such right, title, or interest as may exist.

Unless the plaintiff had satisfied this mortgage within the time prescribed by the statute, his attachment would have failed, as the mortgagor and his debtor were the same person. Pub. Sts. *c.* 161, §§ 74, 75. It was for him to determine whether it was for his interest to pay it and obtain the rights of the mortgagee. He cannot now complain that this right is of less value than he anticipated. He has received all he purchased. No fraud or misrepresentation on the part of the defendant is alleged, and it is not important that she supposed she was parting with a more valuable right than she in fact possessed.

*Decree affirmed.*