Spear, C. J.
The essential facts are as follows:
May 28, 1891, one J. A. Morrow, Jr., purchased a cash register from the National Cash Register Company for a consideration of $175, on a conditional sale contract, to be paid for by installments of $15 each, which were represented by promissory notes. July 18, following, a copy of the contract was duly filed in the office of the clerk of the township where Morrow resided, which contract remained on file.
*200 December 10, 1891, Morrow duly executed and delivered to Meredith a valid chattel mortgage on the register, which was duly filed in the office of the township clerk on December 14, following.
June 11, 1892, the National Cash Register Company commenced an action before a justice of the peace, against Morrow, to recover on such of the notes as then remained unpaid. The contract and notes were attached to the bill of particulars, and made part of it, and on June 16, a judgment in its favor for $108, and costs, was rendered. August 29, following, an execution issued to Albright, constable. He thereupon levied the same upon the cash register, and took it into his possession and held it until it was taken from him by the replevin process broug-ht in the action below.
The chattel mortgage to Meredith was in full force at the time of the bringing of the action against Morrow by the company, and at the time judgment was taken, execution issued and levy made.
No tender was made by the company to Morrow of any part of the installments of the purchase money which he had paid.
The issue is between Albright, the constable, and Meredith, the mortgagee. It is, which was entitled to the possession of the cash register ? The one stands upon his levy of the execution; the other upon his mortgage. No question can now be made as to the validity of the mortgage, for the agreed facts show that it was valid. That is, it was valid provided Morrow had an interest in the register which could be the subject of mortgage. And this is not open to question, for he had paid a portion of the purchase money. This gave him an interest which he might mortgage. It is *201 not necessary that the mortgagor shall have the entire title ; a limited, or special interest in property, is sufficient to support a mortgage of it. And that this interest is acquired by conditional sale does not alter the case. Jones on Chattel Mortgages, 114; Crompton v. Pratt, 105 Mass., 255; Day v. Bassett, 102 Mass., 445. This mortgage, therefore, was good as to all the world save the vendor, and good against it save only when it asserted its right in accordance with law.
Did the company assert its rights as vendor in accordance with law ? We think not. Its rights as vendor were subject to the statute regulating conditional sales. Section 7913-73, Revised Statutes (S. & B.). That act provides: “Section2. Whenever such property is sold * * * it shall be unlawful for the vendor to take possession of said property without tendering or refunding to the purchaser * * * the sum or sums of money so paid after deducting therefrom a reasonable compensation for the use .of such property, which shall in no case exceed fifty per cent, of the amount so paid,” etc., etc. If, therefore, the company desired to avail itself of its right to subject the register to the payment of the balance due from Morrow, a tender in compliance with the terms of the statute, was necessary, or, perhaps it could have resorted to a’ foreclosure in a court of competent jurisdiction. But, disregarding these methods, the company proceeded, by its judgment and execution, against Morrow’s interest in the register, and to seize it and take possession of it in direct violation of the terms of the statute. This proceeding was, in law, an election to treat the register as Morrow’s property, and placed the company in the attitude, as regards that article *202 as well as liis other property, of a general creditor. The rights of such would necessarily be subject to any prior right acquired through the valid acts of Morrow. And, inasmuch as all the interest of Morrow was covered by his mortgage to Meredith, the latter had the right of possession while his mortgage remained unsatisfied. Thomason v. Lewis, 103 Ala., 429; Seanor v. McLaughlin, 165 Pa. State, 150; Bank v. Thomas, 69 Tex., 237.
There is no error in the judgments below, and they will be

Affirmed.