## MICHAEL C. HAYES *vs.* GEORGE G. TIDSBURY.

Middlesex.    March 11, 1902. — May 19, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Evidence,* Competency, to show possession of personal property. *Replevin.*

*Semble,* that to show that a person is the tenant and actual occupant of a building is evidence that he is in possession of chattels in use in the building.

In an action of replevin against a deputy sheriff for attaching goods on certain premises, there was only one witness and only by picking out particular expressions used by him and depriving them of their context or the reasonable explanations by which they were followed could even the form of a case be made out, to show that the plaintiff was the tenant of the premises and in consequence in possession of the goods when attached. *Held,* that the evidence was not sufficient to submit to the jury.

HOLMES, C. J. This is an action of replevin of chattels held by the defendant, a deputy sheriff, under attachments made on November 4, 1899, in actions against the Bay State Manufacturing Company. At the close of the plaintiff's evidence the presiding judge directed a verdict for the defendant and the plaintiff excepted. The only question before us is whether there was any evidence of the plaintiff's right. No evidence was given of a title on his part, and the question therefore, put in the way most favorable for the plaintiff, takes the form whether there was evidence of his possession. *Odd Fellows Hall Association* v.

*McAllister*, 153 Mass. 292, 295. And we assume for the purposes of decision that the evidence would be sufficient if he was tenant and actual occupant of the building in which the property was in use. *Ibid. South Staffordshire Water Co.* v. *Sharman*, [1896] 2 Q. B. 44.

There is no doubt that the evidence, if any, was extremely slender. The plaintiff did not appear, although summoned by the defendant, and the judge may have thought the excuse a pretence. There was but one witness called, the owner of the building. He admitted having been annoyed by the proceedings in which the plaintiff had a part, but gave no indication of a want of candor or of an intent to pervert the truth. He said that he had signed a receipt for rent for the month of October, running to the plaintiff, but explained that this was after the attachment and that up to that time he had made no lease to the plaintiff, and that he refused to do so. So in answer to a question put by the plaintiff's counsel as to whether there were any other than Mr. Hayes's workmen about the building, he said not that he knew of, but again explained later that he did not know whose servants the people were or know anything about it, except the names of the persons whom he saw. He gave the names, so that it was simple for the plaintiff to prove that the persons were his servants if they were. In short, it would be only by picking out particular expressions and depriving them of their context or the reasonable explanations by which they were followed, that even the form of a case could be made out. The presiding justice saw the witness and could judge better than we can from the print, whether there were two views of his evidence possible. We are not prepared to say that he was wrong.

*Exceptions overruled.*

*J. W. Keith,* for the plaintiff, submitted a brief.

*C. F. Choate, Jr.,* for the defendant.