PLYMOUTH STOVE FOUNDRY COMPANY *vs.* PETER P. FEE.

Suffolk.    March 24, 1902. — June 18, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Conversion,* Plaintiff's right to possession.   *Sale.    Contract,* Construction.

In an action by a stove company against a constable for the conversion of certain ranges upon the premises of an intending purchaser where they had been placed by the plaintiff under a written agreement, it appeared, that the plaintiff had agreed to "furnish and lease" to the purchaser certain ranges "blacked and set up" and the purchaser agreed to pay the price when the ranges were "furnished and set up," and it was further agreed, that the title should remain in the plaintiff until fully paid for and that the plaintiff should have a right to enter and take possession on any breach of the contract. The defendant had attached the ranges as the property of the purchaser before they were set up or paid for. *Held,* that this was not a lease because when the ranges were furnished and set up they were to be paid for at once, and that the contract was not one of conditional sale where property is delivered before it is paid for, because there had not been a delivery, but that the plaintiff, remaining the owner with the implied right to enter the purchaser's premises in order to complete its work by setting up the ranges, retained possession and the right of possession, and could maintain its action.

TORT against a constable for the conversion of six ranges, alleged to be the property of the plaintiff attached by the de-

fendant as the property of one O'Brien in the house of O'Brien, where they had been placed by the plaintiff under an agreement in writing with him. Writ in the Municipal Court of the City of Boston dated October 17, 1900.

On appeal to the Superior Court the case was tried before *Hopkins*, J., and the agreement was put in evidence, the substance of which is stated by the court.

The jury returned a verdict for the plaintiff in the sum of $150 ; and the defendant alleged exceptions.

*J. C. Johnston*, for the defendant.

*C. J. Innes*, for the plaintiff.

HOLMES, C. J. This is an action of tort for the conversion of six ranges. The ranges were put upon the premises of one O'Brien under a written agreement by which the plaintiff agreed to "furnish and lease" to O'Brien the ranges, with appurtenances, "blacked and set up," and O'Brien agreed to pay the price "when the ranges are furnished and set up." It was further agreed that the title was to remain in the plaintiff until fully paid for, and that the plaintiff should have a right to enter and take possession upon any breach of the contract. The ranges were taken by the defendant, it is said upon an attachment, before they were set up or paid for. The case is here on the defendant's exceptions, which go to the refusal of the presiding judge to direct a verdict in his favor.

The contract is not within St. 1884, c. 313, and its amendments. R. L. c. 198, §§ 12, 13. Those statutes deal with cases where property is delivered before it is paid for. Here, although the parties used a form adapted to such a case, delivery and payment were to be simultaneous and the word "lease" must yield to that paramount consideration.

Leaving the statutes on one side the position was this. The agreement to furnish and lease applied in terms only to the ranges when they should be set up. The payment was to take place at the same moment. Until then the plaintiff was to remain the owner with a necessarily implied right to enter O'Brien's premises and to handle the ranges in order to complete its work and to set them up. No doubt the ranges had been appropriated to the contract, and, apart from the terms of the contract and the plaintiff's continued relation to them, would

have been in O'Brien's possession. *Hayes* v. *Tidsbury*, 181 Mass. 292. *Odd Fellows Hall Association* v. *McAllister*, 153 Mass. 292, 295. But in view of the plaintiff's title and continued control of the ranges, it appears to us to have retained the possession and right of possession more clearly than did the plaintiffs in *Woodbury* v. *Long*, 8 Pick. 543. See *Parry* v. *Libbey*, 166 Mass. 112, 113 ; *Brown* v. *Pierce*, 97 Mass. 46, 48. The cases where there has been a delivery upon a conditional sale, so called, do not apply for the same reasons that the statutes on that subject do not. *Newhall* v. *Kingsbury*, 131 Mass. 445. *Robinson* v. *Bird*, 158 Mass. 357, 360.

*Exceptions overruled.*