HENRY C. BACON, trustee, *vs.* CHARLES P. GEORGE.

Suffolk.    March 17, 1910. — October 20, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Bankruptcy*, Rights of trustee.  *Assignment*, For benefit of creditors.  *Conflict of Laws*.  *Conversion*.  *Practice, Civil*, Parties, Report, Rescript.  *Supreme Judicial Court*.

Although, under the provisions of the bankruptcy act of 1898, where a corporation is adjudicated a bankrupt within four months after it has made an assignment for the benefit of its creditors, the trustee appointed in the bankruptcy proceedings has a right to the proceeds of an action of tort brought by the assignee for the conversion, after the assignment, of personal property which formerly was the bankrupt's and which had been transferred by the assignment, if the trustee attempts to prosecute that right in a State court, he is bound by the rules of procedure therein established.

A corporation made a common law assignment for the benefit of its creditors and, after the assignee had taken possession of certain personal property, the prop-

erty was converted by a third person, and the assignee brought an action of tort for the conversion in the courts of this Commonwealth. Thereafter and within four months of the common law assignment, the corporation was adjudicated a bankrupt and a trustee was appointed, who, upon his own motion, was substituted as plaintiff in the place of the assignee in the action for conversion. *Held,* that the trustee could not maintain the action as trustee, since the only person who had the possession or the right to possession of the property at the time of the conversion was the assignee, which right the trustee could not claim under the bankrupt because it never was the bankrupt's, nor under the assignee because the trustee held adversely to the assignee.

A trustee in bankruptcy filed, in an action of tort for conversion brought by one who was appointed a common law assignee of the bankrupt by an assignment made within four months previous to the adjudication in the bankruptcy proceedings, a motion "that he be admitted as party plaintiff . . . and be allowed to prosecute said case" and the motion was allowed. At the trial of the action and upon the argument in this court of the question whether the trustee could recover for such conversion, the trustee acquiesced in the interpretation of his motion as a motion substituting him as plaintiff in the place of the assignee. The case was reported to this court by the trial judge, who found for the plaintiff with the stipulation that, if a ruling by him, that the trustee could not maintain the action under the circumstances, was wrong, judgment should be entered for the defendant. There was no question as to the act of conversion. This court, being of the opinion that the trustee had no right of action for the conversion, and that the language of the motion for substitution was equivocal and that under the circumstances of the case the motion might have been construed to be a motion by the trustee to be allowed to prosecute the action in the name of the original plaintiff, by its rescript ordered that the trustee be given an opportunity to move to amend the writ in accordance with such construction, but that, if no such amendment was allowed within thirty days, judgment should be entered for the defendant.

TORT for conversion. Writ in the Municipal Court of the City of Boston dated September 12, 1906.

The case came before this court upon a report by *Sherman,* J., before whom it was tried on an appeal from the municipal court, as hereinafter stated. From the report it appeared that the property alleged to have been converted formerly was owned by the Charles A. Jenkins Company, a corporation; that the corporation on May 21, 1906, made a common law assignment for the benefit of its creditors to one Winfield S. Knowles, and that under that assignment Knowles took possession of the property in question on the same day; that the defendant converted the property on May 22, and that Knowles brought this action on September 12; that on September 17 an involuntary petition in bankruptcy was filed against the corporation and it was adjudicated bankrupt on February 18, 1907; that on April 12, 1907,

Henry C. Bacon qualified as trustee in bankruptcy of the corporation; and that on October 21, 1907, the following motion was filed by him in this action in the municipal court and was allowed:

"Motion by Trustee in Bankruptcy to be admitted as Party Plaintiff.

"Now comes Henry C. Bacon of Malden, Trustee in Bankruptcy of the Charles A. Jenkins Co., duly appointed by the United States District Court for the District of Massachusetts, and moves that he be admitted as party plaintiff in the above case and be allowed to prosecute said case."

Thereafter the case was tried in the municipal court, and there was a finding and judgment for the defendant "and Bacon as plaintiff appealed."

At the trial in the Superior Court, the foregoing facts appearing, the defendant asked, among others, for the following rulings:

"1. Upon all the evidence in the cause, the verdict should be for the defendant."

"6. That if the jury find that the Jenkins Company had executed an assignment of its property to Winfield S. Knowles and that Knowles was in possession upon May 22 by virtue of said assignment of the property alleged to be converted, that such possession in Knowles would not enable the said Bacon as trustee in bankruptcy to maintain an action for conversion."

The presiding judge ordered a verdict for the plaintiff for a sum which was agreed upon by the parties and reported the case for determination by this court, with the stipulation that, "if there was error in the rulings and refusal to rule, then judgment is to be entered for the defendant; otherwise judgment for the plaintiff upon the verdict."

*M. S. Holbrook*, for the plaintiff.

*W. C. Cogswell*, for the defendant.

HAMMOND, J. Although the assignment to Knowles was eventually avoided by the subsequent proceedings in bankruptcy against the estate of the assignor, the Charles A. Jenkins Company, hereinafter called the corporation, yet at the time of the alleged conversion he, and he alone, had the legal title to the

property, the right to immediate possession and the actual possession. The corporation by the assignment had parted with the legal title and with it all right to the immediate possession.

Under these circumstances Knowles as assignee brought in the municipal court this action of trover. Before the trial in that court and within four months from the recording of the assignment, a petition was filed in the bankruptcy court against the corporation, upon which such proceedings were had as that the corporation was adjudicated a bankrupt and Bacon was appointed trustee; and he as such trustee filed in the municipal court a motion that "he be admitted as party plaintiff in the above case and be allowed to prosecute said case," which motion was granted. The record speaks of this motion as one "substituting" Henry C. Bacon "the trustee in bankruptcy . . . as plaintiff in the place of Knowles," and inasmuch as all parties, including the justice of the Superior Court upon whose report the case is now before us, have proceeded upon the theory that the order allowing the motion was a substitution of Bacon for Knowles as plaintiff, we shall first consider it on that theory.

The main question is whether this action can be maintained by him as the substituted plaintiff. Before proceeding with this inquiry it is to be noted that the question is not whether he could not now as trustee maintain some kind of action in the case, even in the nature of trover against the defendant, nor even whether as the person having the beneficial interest in the proceeds of the suit he could not have been allowed to prosecute this suit in the name of the original plaintiff. Even if it be assumed that the right to recover either the specific property or its proceeds from the defendant became vested in the trustee, still when he attempts to prosecute that right in a State court he is bound by the rules of procedure therein established; and accordingly they must govern the same as when any other party invokes the jurisdiction of the court. Even the provision of the bankruptcy act (§ 11 b), that the trustee may be ordered to enter his appearance and defend any pending suit against the bankrupt, cannot be regarded as intended to regulate the practice of the State courts and require them to make the trustee a party on his application, but rather to place upon him the official duty to appear according to the rules and practice of those respective

courts so as to protect the interests of the general creditors. *National Distilling Co.* v. *Seidel*, 103 Wis. 489.. *Bank of Commerce* v. *Elliott*, 109 Wis. 648.   See also Collier on Bankruptcy, (7th ed.) 223, 224.

The present action is trover.   It is elementary that at common law the plaintiff, in order to support this action, must at the time of the conversion have had a complete property either general or special in the chattel and also the actual possession, or the right to the immediate possession of it.   Chitty on Pl. 167, and cases cited in the notes on that page.   And such always has been the law in this State, both before and since the practice act.   *Vincent* v. *Cornell*, 13 Pick. 294.   *Newhall* v. *Kingsbury*, 131 Mass. 445.   *Robinson* v. *Bird*, 158 Mass. 357. *Winship* v. *Neale*, 10 Gray, 382.   And the plaintiff must show that at the date of the writ he had the right to immediate possession.   *Newhall* v. *Kingsbury, ubi supra*, and cases cited.   If there be an outstanding special property in another so that the general owner has not the right to immediate possession, then the latter should sue in case for the injury to his reversion, not in trover for the value of his goods.   Chitty on Pl. 167.

Now it is apparent that when the conversion occurred for which this action was brought, the only person who had the possession and the right of possession was the assignee, the original plaintiff.   It is true that his title was liable to be avoided by bankruptcy proceedings, but until so avoided it stood as against all persons.   And such was the situation at the time the writ issued.   Neither at the time of the conversion nor of the bringing of the action had the trustee any right to the possession.   Nor did he succeed anybody who at either of those times had the right.   He could not prosecute the right of the bankrupt because the bankrupt had no such right, nor could he prosecute as the successor of the assignee, because he did not hold under the assignee but under the bankrupt and adversely to the assignee.   The action was brought for injury to the right of the assignee.   The trustee attempts to prosecute it for injury to the right of the bankrupt, another and distinctly different right.   For these reasons also the case is not analogous to those cases where an executor or administrator may come in and prosecute an action begun by the deceased.   Even if it be said

that the title of the trustee related back to the time of the assignment, still the same trouble remains.   As substitute plaintiff he is trying to maintain an action which is not based upon any right of possession that the bankrupt had either at the time of the conversion or at the date of the writ, because the bankrupt had no such right, nor upon the right of the assignee because he in no sense claims under or in continuance of the right of the assignee, but upon his own right of immediate possession as trustee at the time of the conversion and at the date of the writ.   He failed to prove any such right in himself either by relation, succession or otherwise, and therefore, under our rules of procedure, failed to maintain his action.   At least the first and sixth rulings requested should have been given.

So far this opinion has proceeded upon the theory upon which the judge and counsel have proceeded, namely, that the motion was in legal effect a motion to strike out the name of Knowles as plaintiff and to insert in place thereof the name of Bacon, and that after the motion was allowed the only plaintiff on record or otherwise was Bacon.   It is to be observed however that the motion does not expressly ask to have the name of Bacon substituted for that of Knowles, and is not in the usual technical form of a motion framed for such a purpose.   The language is somewhat equivocal, and, by a liberal but not impossible construction, under the circumstances of the case it might have been held by the trial court to be a motion to be allowed to prosecute the case in the only way possible, to wit, as the only party plaintiff really beneficially interested, and in the name of the original plaintiff.   See *Costelo* v. *Crowell*, 134 Mass. 280.

The assignor having been adjudged a bankrupt upon a petition filed " against it within four months after the recording of the assignment," Knowles, the assignee, by the express terms of the assignment as well as by law, was bound to pay over to Bacon, the trustee in bankruptcy, the proceeds of the suit.   The real party beneficially interested therefore was Bacon, not Knowles; and had the motion been regarded as a motion that the trustee, as the party entitled to the proceeds and therefore the only one beneficially interested, should be allowed to prosecute the action in the name of the original plaintiff for the benefit of the trustee, the point now relied upon by the defendant could not have been

taken.   The plaintiff Bacon has acquiesced in the interpretation of his motion as one of substitution, however, and cannot now contend to the contrary.

But the point is very technical, and so far as appears upon this record has no relation whatever to the real merits of the case.   The record shows a conversion, an action brought for damages by the person entitled to bring it, and the intervention of a party beneficially interested in the proceeds; and the failure of the latter to get at the proceeds is based, as before stàted, on a mere technicality which can be cured by amendment.   In view of all the facts appearing upon the record we think that the plaintiff should have an opportunity to apply to the Superior Court for leave to amend his writ in the manner hereinbefore indicated.

If within thirty days from the entry of the rescript no amendment is allowed changing the position of the trustee to that allowing him as the party beneficially interested to prosecute the action in the name of the original plaintiff, there shall be judgment for the defendant.   If, however, the amendment be allowed, then such proceedings thereafter shall be had either by way of a judgment upon the verdict, or of a new trial, or otherwise, as to that court shall seem just and proper.

*So ordered.*