Hines, Geraldine S., J.
Plaintiff Norma H. Graham (“plaintiff’) brought this action against the creditors, mortgage brokerage corporation, mortgage brokers, real estate attorney, and the foreclosure auctioneer allegedly involved in the initial purchase and financing of, and ultimate foreclosure on, the plaintiffs home. This action is before the court on the plaintiffs motion for partial summary judgment as to the auctioneer defendant Edward A. Sweeney’s (“defendant”) liability for “unfair or deceptive trade practices” under the Massachusetts Consumer Protection Act, see G.L.c. 93A. For the following reasons, the plaintiffs motion is DENIED.
BACKGROUND
The undisputed facts, taken in the light most favorable to the defendant, are as follows. The plaintiff resides in her home at 19-21 Vera Street in Dorchester, Massachusetts (“property”), which she purchased in December 2005. She financed the purchase using loans secured by a first and second mortgage on the property. In an assignment dated December 20, 2005 and recorded at the Registry of Deeds on October 11, 2007, the mortgage lender Aames Funding Corporation (“Aames”) purportedly conveyed the first mortgage to Deutsche Bank National Trust Company (“Deutsche Bank”), as trustee for Soundview Home Loan Trust 2006-2 (“Soundview”). The plaintiff contends that Soundview was not created until a March 1, 2006 Pooling & Servicing Agreement.
After making her mortgage payments for approximately two years, the plaintiff defaulted. On March 3, 2008, the defendant, a licensed auctioneer employed by Commonwealth Auction Associates, Inc. (“Commonwealth”), conducted a foreclosure auction of the Vera Street property and Deutsche Bank purchased it. While the plaintiff alleges that Deutsche Bank engaged the defendant to conduct the auction, the defendant asserts that his employer assigned him to conduct the foreclosure. According to an affidavit filed by Ira D. Tarlin, the Treasurer of Commonwealth, Commonwealth was retained by Harmon Law Offices, P.C. to conduct the auction.
The defendant Sweeney concedes that between November 27, 2007, the auction’s originally scheduled date, and the actual date of auction in March 2008, he made no effort to determine whether his client had legal authority to foreclose on the house and did not attempt to ascertain the value of the property.
The plaintiff filed the complaint in this case on October 15, 2009 alleging claims against the parties involved in financing her mortgage and the subsequent foreclosure action. The plaintiff filed a motion for partial summary judgment on the defendant’s liability for unfair or deceptive trade practices in violation of G.L.c. 93A and that motion is now before the court.
DISCUSSION
The court will grant summary judgment where there is no genuine dispute of material fact and the plaintiff is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The plaintiff, as the moving party, bears the burden of affirmatively demonstrating the absence of a triable issue and that she is entitled to judgment as a matter of law based on summary judgment. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The plaintiff will satisfy this burden by showing that the defendant is unlikely to prove an essential element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 739 (1991) (citation omitted). In assessing the plaintiffs motion for summary judgment, the court will view the facts in the light most favorable to the defendant as the non-moving party. Terra-Nova v. Fray-Witzer, 449 Mass. 406, 411 (2007). However, in opposing the motion for summary judgment, the defendant cannot rest on his pleadings or bare assertions of disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The Massachusetts Consumer Protection Act creates a private right of action for consumers injured by a party’s “unfair or deceptive acts or practices in the conduct of any trade or commerce.” G.L.c. 93A, §§2(a), 9; see also Leardi v. Brown, 394 Mass. 151, 160 (1985) (the consumer must show that the practices caused an injury by demonstrating a “loss of money or property” or “an invasion of a legally protected interest”). According to the attorney general’s regulations, an act is unfair or deceptive in violation of G.L.c. 93A, §2, if “(i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public’s health, safety or welfare promulgated by the Commonwealth or any political subdivision thereof intended to *223 provide the consumers of this Commonwealth protection.” 940 Code Mass.Regs. §3.16(3) (1993). As such, when a party violates a statute intended to protect consumers, it may be subject to liability under G.L.c. 93A. See Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790, 795.
In this case, the plaintiff alleges that the defendant engaged in unfair or deceptive trade practices in violation of G.L.c. 93A when he conducted an unlawful foreclosure auction of her home in violation of G.L.c. 244, §14.[2] The plaintiff contends that, although Aames purported to assign the mortgage to Soundview on December 20, 2005, Soundview did not exist until the March 1, 2006 Pooling & Service Agreement. Because Soundview did not exist at the time of the assignment, the plaintiff argues that the assignment is void and that Deutsche Bank therefore did not have the power to conduct the foreclosure under G.L.c. 244, § 14. Accordingly, the plaintiff alleges that the defendant conducted an unlawful foreclosure auction under G.L.c. 244, §14, constituting an unfair or deceptive trade practice in violation of G.L.c. 93A, §2. See 940 Code Mass. Regs. §3.16(3).
Assuming that the plaintiff is correct that the assignment was defective and the foreclosure sale was therefore unlawful under G.L.c. 244, §14, the court will nonetheless decline to allow the plaintiffs motion for partial summary judgment as to the defendant’s liability under G.L.c. 93A. In her motion for partial summary judgment, the plaintiffs arguments focus on Deutsche Bank’s, not the defendant’s, alleged violations of G.L.c. 244, §14. The plaintiff has not offered any evidence that implicates the defendant directly in any violations, knowing or otherwise, of the statute. The statute is binding on “(t]he mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person.” G.L.c. 244, §14. General Laws c. 244, §14, does not discuss or imply the powers or duties of the auctioneer. More importantly, the plaintiff has not cited any legal authority imposing on the defendant an independent legal duty to examine Deutsche Bank’s authority to pursue foreclosure on the home.[3] Accordingly, the court finds that the plaintiff has not presented sufficient evidence to demonstrate she is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for partial summary judgment be DENIED.

General Laws c. 244, §14, provides in relevant part “[t]he mortgagee or person having his estate in the land mortgaged, or a person authorized by the power of sale, or the attorney duly authorized by a writing under seal, or the legal guardian or conservator of such mortgagee or person acting in the name of such mortgagee or person, may, upon breach of condition and without action, do all the acts authorized or required by the power.”

The authorities cited by the plaintiff in order to establish the auctioneer’s duty are insufficient because they suggest a duty on the part of the mortgagee, and do not impose an independent duty on the auctioneer. See, e.g., Union Market Nat’l Bank of Watertown v. Derderian, 318 Mass. 578, 582 (1945) (internal quotations omitted) (“[a] mortgagee’s duty is more exacting when it becomes the buyer of the property, where he will be held to the strictest good faith and the utmost diligence for the protection of the rights of his principal”); Clark v. Simmons, 150 Mass. 357, 359 (1890) (mortgagee has duty to “obtain for the property as large a price as possible”).