Hines, Geraldine S., J.
In this action, the plaintiff claims that this defendant, the auctioneer at a foreclosure sale conducted pursuant to G.L.c. 244, §14, failed to insure that the foreclosing party had the legal authority to do so and that this omission is an “unfair or deceptive trade practice” in violation of G.L.c. 93A, §2. In a prior order (Paper #45), I denied plaintiffs motion for partial summary judgment against this defendant [28 Mass. L. Rptr. 222]. I ruled that the plaintiff was not entitled to judgment because the factual record and the arguments on the relevant law did not establish that this defendant owed her a duty to verify the authority of the foreclosing party to conduct the foreclosure sale. Because the defendant Sweeney did not file a cross motion for summary judgment, he remained a party to this action. Thereafter, plaintiff was granted leave to conduct Sweeney’s deposition, presumably to discover facts relevant to his actions as the auctioneer and his relationship to the foreclosing party. Sweeney has now filed this motion for summary judgment, affirmatively raising the issue of his duty to insure the foreclosing party’s compliance with G.L.c. 244, §14 or otherwise to insure the propriety of the foreclosure proceedings. I conclude that the motion must be allowed.
Summary judgment for the defendant is appropriate because the plaintiff has not met her burden to show that the statute imposes this duty on an auctioneer. Nor has she offered a persuasive argument that the auctioneer has a duty, apart from the statute, to independently verify the foreclosing party’s right to foreclose on the subject property. I have reviewed the cases cited by the plaintiff in her opposition. See Robinson v. Bird, 158 Mass. 357 (1893); Tourles v. Hall 341 Mass. 299 (1960). I agree, however, with defendant’s argument *158 that these cases are distinguishable and do not advance the position that defendant’s omission violated G.L.c. 93A. In addition, I think it best to follow the lead of the more recent case, Commercial Credit Corp. v. Cross, 343 Mass. 622, 629 (1962), which precluded liability where the auctioneer lacked knowledge of his client’s wrongful act. Without some factual basis to establish this defendant’s duty to insure plaintiffs rights in the foreclosure, I am compelled to allow his motion.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be ALLOWED.