Veary, Raymond P., J.
In this action to set aside the foreclosure sale of his residential property, and to obtain other relief, the plaintiff has included the auctioneer at the foreclosure auction, Commonwealth Auction Associates, Inc. (“Commonwealth”), as a defendant. Moving to dismiss the complaint pursuant to Mass.R.Civ.P 12(b)6), Commonwealth contends that the plaintiff has failed to set forth a cognizable claim against it. The court agrees.
Although not strictly delineated, only two of the complaint’s seven counts appear to have any connection to Commonwealth. Count V alleges violations of G.L.c. 244, §14, and Count VI alleges intentional infliction of emotional distress. The complaint’s only factual allegations seemingly relevant to Commonwealth are contained in paragraph 20, which reads:
Defendants did not comply fully with the requirements for a valid foreclosure sale, as they did not use a flag at the auction. Nobody identified themselves as the auctioneer at the auction, and nobody made a declaration. Because of this, no valid public auction appears to have taken place.
These allegations are inadequate to sustain a lawful cause of action against Commonwealth under the standard articulated in Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-36 (2008).
G.L.c. 244, §14 imposes strict requirements relating to foreclosures under powers of sale, most particularly as to method(s) and form of notice. The section, however, does not explicitly mandate the use of flags, the identification of auctioneers or declarations. Cf. DesLauries v. Shea, 300 Mass. 30 (1938) (absence of red flag and other conditions did not show circumstances so unfavorable to obtaining fair price as to warrant adjournment of sale). Moreover, being directed toward the conduct of mortgagees or those acting in their behalf, the section does not implicate the powers or duties of auctioneers. See Graham v. Aames Funding Corp. et al. Civil No. 08-4344 (Suffolk Super.Ct. August 12, 2010) (Hines, J.) [28 Mass. L. Rptr. 222]. Finally, at worst, the complaint describes irregularities of insufficient effect to warrant invalidation of a foreclosure auction and sale. See Flynn v. Curtis & Pope Lumber Co., 245 Mass. 291 (1923) (unlicensed auctioneer); Feuer v. Capilowich, 242 Mass. 560 (1922) (sale date erroneously advertised as “Tuesday, November 25" instead of Friday, November 25).
To recover upon a claim of intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress would likely result from his conduct; (2) the defendant’s conduct was extreme and outrageous, was beyond all bounds of decency, and was utterly intolerable in a civilized society; (3) the defendant’s conduct caused the plaintiffs emotional distress; and (4) the emotional distress suffered by the plaintiff was severe and of a nature that no reasonable person could be expected to endure it. Massachusetts Superior Court Civil Practice Jury Instructions, Second Edition, §8.1 (2008), citing Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 465-66 (1997). In his complaint, the plaintiff alleges that he “suffered severe emotional distress” as a result of the actions of the defendants. However, nowhere in the complaint does the plaintiff allege that the defendants acted with the intention of causing or the foreknowledge of this distress. Additionally, the complaint recites no factual underpinning by which a reader could plausibly conclude that the defendants’ actions met the rigorous standard of being “extreme and outrageous” conduct. Furthermore, the plaintiff cites no case in which a foreclosure sale has been the vehicle for a cognizable claim of intentional infliction of emotional distress. Finally, the attempt by the plaintiff to buttress his complaint with unpleaded and unverified assertions of fact is not availing. The only facts appropriate for the court’s consideration in this, a motion to dismiss, are those contained in the complaint, those reasonably inferred therefrom, and the complaint’s attached exhibits. Eigerman v. Putnam Investments, Inc., 450 Mass. 281, 286 (2007).
To summarize, in its review and assessment of the complaint, the court finds that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims against Commonwealth that would entitle the plaintiff to relief. See Nader v. Citron, 372 Mass. 96, 98 (1977).
ORDER
Consequently, it is hereby ORDERED that the motion to dismiss of the defendant Commonwealth Auction Associates, Inc. be ALLOWED.