### BRIDGET CAHILL *vs.* JONAH L. CAMPBELL.

The *description, in a certificate filed by a married woman under the St. of 1862, c. 198, § 1, of the nature of a business proposed to be done by her on her separate account in a country town, as "the general business of saloon keeper," is not insufficient as matter of law.*

TORT against a deputy of the sheriff of Hampshire, for the conversion of some whiskey, gin and beer, with the vessels in which they were contained. The answer admitted the taking of the property September 29, 1868, by the defendant, on an execution against the plaintiff's husband.

At the trial in the superior court, " the plaintiff testified that she kept a saloon in Easthampton; and the evidence tended to show that she kept a place there, in her husband's house, for the sale of cigars, tobacco and other articles, including spirituous and intoxicating liquors; that her husband had no concern in the business; and that the property in question was her separate property, and kept by her for sale at said place, and taken and converted to his own use by the defendant " on the execution. Then, in order to prove her right to claim the property against her husband's creditors, she offered in evidence a certificate filed by her under the St. of 1862, *c.* 198, in the clerk's office of Easthampton, in these terms : " September 27, 1867. I, Bridget Cahill, of Easthampton, County of Hampshire and State of Massachusetts, do hereby certify that I am the wife of Patrick Cahill of said Easthampton; that I am now doing business in said Easthampton, in a building known as Cahill's House, at New City, so called, and being the general business of saloon keeper, and it is my intention to continue said business in the place aforesaid in my own name and free from the interference or control of my said husband." But *Scudder*, J., ruled " that the certificate was on its face invalid and insufficient to protect the property of the plaintiff from being taken on execution by her husband's creditors," and directed a verdict for the defendant. The plaintiff alleged exceptions.

*W. Allen*, for the plaintiff.

Cahill *v.* Campbell.

*W. G. Bassett*, for the defendant, argued that the certificate did not sufficiently set forth the nature of the business proposed to be done by the plaintiff, within the requirements of the St. of 1862, *c.* 198, § 1; * that it merely showed that she proposed to keep a public place, not necessarily a place where intoxicating liquors, or indeed anything, would be for sale, but a place which might be one merely of shelter or of resort for no special purpose.

COLT, J. The judge ruled, as matter of law, that the certificate, by which the plaintiff, intending to do business on her separate account, sought to protect her property, under the St. of 1862, *c.* 198, from the claims of creditors of her husband, was invalid on its face. It is objected to this certificate, that the nature of the business proposed to be done is not sufficiently set out. But it is described as "the general business of saloon keeper;" and we cannot see, as matter of law, that these words are not sufficiently descriptive and definite, when applied to such a business, carried on in a country town or village. The description would seem to be quite as intelligible to the jury as the words grocer, innkeeper, storekeeper, and the like, and the certificate is not to be held insufficient in law for this reason. *Exceptions sustained.*

---

* "Any married woman now doing or hereafter proposing to do business on her separate account shall file a certificate in the clerk's office of the city or town where she does or proposes to do said business, setting forth the name of her husband, the nature of the business proposed to be done, and the place where it is to be done, giving the street and number of the place of business if practicable; and whenever the place of business or the nature of the business is changed, a new certificate shall be filed accordingly. In case no such certificate shall be filed, such married woman shall not be allowed to claim any property employed in said business as against any creditors of her husband, but the same may be attached on mesne process by any such creditor, or taken upon execution, against the husband of said woman."