## SARAH J. HARRIMAN *vs.* FRANKLIN GRAY.

A certificate filed under the St. of 1862, c. 198, by a married woman proposing to do business on her separate account, setting forth the place where it is proposed to be done as a place of a certain number on a certain street, "and such other rooms as may be necessarily connected therewith," does not entitle her to claim against her husband's creditors property employed in the business in a distinct and separate building, of a different number, though on the same street, without other proof of its necessary connection with the first named place than is afforded by the nature of the business, which is that of a dealer in furniture and junk.

Evidence that a keeper of goods attached in a shop of the defendant's wife permitted him to go into the room where they were, whereupon he locked the door on the inside and refused the keeper admittance; and that the keeper went away, but soon returned with

the officer, who demanded admittance and upon its refusal forced an entrance, put out the defendant, and put in the keeper; will not warrant a finding that the attachment was abandoned.

REPLEVIN from a deputy of the sheriff of Bristol of goods attached by him as property of the plaintiff's husband, Darius G. Harriman, in an action brought against him by Rosalie Lacroix. Replevin writ dated September 26, 1870.

At the trial in the superior court, before *Reed*, J., the plaintiff, for her right to claim the goods against her husband's creditors, relied upon a certificate filed by her under the St. of 1862, *c.* 198, in the clerk's office of the city of Fall River, dated January 8, 1869, in which she set forth that she proposed " to carry on the business of wholesale and retail dealer in new and second-hand furniture, and dealer in junk, and all kinds of business in buying, making, repairing and selling new and second-hand furniture, and all kinds of trade and transactions relating to such business," and that the place where she proposed to carry on said business " is numbered 53 Pleasant Street in said Fall River, and such other rooms as may be necessarily connected therewith."

But it appeared that before the date of the attachment in favor of Lacroix " the plaintiff had transferred her business wholly or in part from the place where she was doing business when she filed her certificate to one numbered 59 Pleasant Street; and that the property in question was taken from said last numbered place, which was her principal place of business, was some fifty-four feet distant from the first place, was not physically connected therewith in any way, and was entirely distinct and separate therefrom, being in a separate building."

The plaintiff's husband testified " that at the time of the Lacroix attachment a keeper was put in possession of the premises by the officer; that some time afterwards he went to the place where the goods were, and the keeper asked him if he wanted to go in, and he said ' Certainly; ' that the keeper unlocked tne door, let him in, took the key from the outside of the door, put it on the inside of the door, and went out; that the witness turned the key in the door, and a minute after the keeper demanded admittance, which he refused; and that the keeper

thereupon went away, and in a short time came back with the officer, who demanded admittance, and, upon the witness refusing, forced an entrance, ejected the witness, and put the keeper in." The plaintiff contended, upon this testimony, that the attachment was dissolved, so that a second certificate, filed by her in the city clerk's office after the officer had made his attachment in favor of Lacroix, and before the officer returned and reëntered with the keeper as aforesaid, would be valid against it.

The judge directed a verdict for the defendant, and reported the foregoing case for the determination of this court.

*J. M. Wood,* for the plaintiff.

*J. M. Morton, Jr.,* for the defendant.

Colt, J. The statutes authorize a married woman to employ her separate property in business on her own account. But in order to hold the property so employed against the creditors of her husband, she must first file in the town clerk's office a certificate setting forth, among other things, the place where the business is to be done, giving the street and number if practicable; and a new certificate in case of any change in the place or nature of the business. St. 1862, *c.* 198.

The statute is intended to prevent the husband from obtaining false credit by the possession of the wife's property and its use in business as his own. The plaintiff fails to show a substantial compliance with its requirements. In the certificate filed, the place where the plaintiff proposed to carry on business is described as numbered 53 in a certain street, to which is added " and such other rooms as may be necessarily connected therewith." This certificate will not protect property employed in business carried on in a separate and distinct building, of another number, in the same street, in no way " physically connected " therewith, and not shown to be " necessarily connected therewith " at least by the nature of the business carried on. The case, so far from showing any connection, finds that the business had been transferred, in whole or in part, since the filing of the certificate, from the place named, No. 53, to another place in the same street, where the goods were attached, No. 59; and no new certificate of the change was made. *Cahill* v. *Campbell,* 105 Mass. 40.

The evidence offered would not warrant the jury in finding an abandonment by the keeper of the property attached. It is evident that no abandonment was intended. The possession of the witness was colorably obtained, and the keeper was wrongfully excluded by him. It certainly is not necessary, in order to maintain a lien by attachment, that a keeper should be at all times able to resist fraud and violence in retaining his actual possession. *Boynton* v. *Warren*, 99 Mass. 172.        *Exceptions overruled.*