## Ella M. Long *vs.* George G. Drew.

A recital of the property used by a married woman in doing business upon her separate account need not be inserted in the certificate filed under St. 1862, *c.* 198; and if a recital that includes property of the husband is there inserted, its insertion does not invalidate the certificate; nor does the intermingling of the husband's property with the woman's, in the business carried on under the certificate, invalidate it.

Papers produced on notice and inspected by the other side, become evidence for the party producing them.

Tort, brought by a married woman. The declaration contained two counts; the first in the nature of trespass for entering the plaintiff's store, and hindering her in the carrying on of her business; the second, for the conversion of certain provisions and groceries named in a schedule annexed. The defendant justified as a constable making an attachment on a writ, in which Daniel F. Long, the plaintiff's husband, was defendant, and one Benjamin Johnson, plaintiff.

At the trial in the Superior Court, before *Devens*, J., there was testimony that the husband had been engaged for some years prior to the attachment, in the provision business, at store No. 357, on Broadway, in Boston; that his health had failed and his business decreased; that he had been compelled to withdraw from active business for some months; that on returning to Boston from the country in the summer of 1870, he found the place almost destitute of customers and of goods; that he owed sundry persons, and among others Johnson; that the wife then took what money she had of her own, and borrowed some more of her mother, and engaged in the provision business in the same store, where he had before carried it on; that there had been no formal change in the tenancy of the store, but the rent had been paid by the wife while she carried on the business; that she had employed her husband, another man, and a boy, as her servants; that she had filed in the city clerk's office the following certificate:

" I, Ella M. Long, wife of Daniel F. Long of Boston, do hereby publish and declare, that I have engaged in the business of dealing in provisions and produce at store No. 357 Broadway, in said

Boston, on my sole and separate account.  I claim said business, the stock in trade used therein, the implements, fixtures and appurtenances, and all profits arising from the same, as my sole and separate property, free from the interference or control of my husband, and not liable for his debts.  And all parties dealing with my said husband are hereby notified that he is the possessor of no part of said business, and has no authority to charge the same with any debts of his own.  Ella M. Long."

It further appeared from the testimony of the husband and wife, that the fixtures in the store, and the horse and wagon employed in carrying on the business, were the same which had been before used by the husband in his business ; that they were subject to a mortgage, and that the title to them, subject to the mortgage, was in him ; that his name remained over the door of the store, and on the wagon as before ; that some of his old customers continued to buy provisions at the store after the wife began business ; that for convenience of settlement, the balances due the husband on the old accounts were taken from his books and entered upon the wife's book, but that when settlements of such accounts were made, the amounts due him were taken by him, and used to pay his debts, and not mingled with his wife's money ; and that such balances when entered on her book were entered as amounts due him.

The husband testified that the business done by the wife was mainly a cash business, buying for cash and selling for cash or on short credit ; that there were no accounts kept in writing between him and his wife ; that the only book kept was a ledger account with her customers ; that he, with the assistance of the man and boy, made all the purchases and sales, collected the money for the sales, and from time to time paid it over to her, and that they were living together as husband and wife during the time.

In the course of the trial the plaintiff offered in evidence sundry receipted bills made out against her for goods sold her by various parties during the time she was carrying on business. To this evidence the defendant objected, but the judge admitted it on the ground that the bills had been produced by the plaintiff

upon notice of the defendant, and examined by him, and had been used in evidence at the hearing of the case before an auditor without objection.

At the close of the testimony the defendant requested the judge to instruct the jury, that as the certificate contained a false statement concerning a fact within the knowledge of the one making it, it was not a sufficient compliance with the statute, and could not be relied upon by the one making it, and that the intermingling of the wife's property with that of the husband was contrary to St. 1862, *c*. 198, and rendered the whole property liable for the husband's debts. The judge declined so to rule, but instructed the jury that the certificate was not conclusive against the plaintiff, but was to be considered by them on the question of fraud ; and, as to the other instruction asked for, declined to give it, as not being appropriate, and instructed the jury that the facts as to the mode of carrying on the business were all to be considered by them on the question of fraud, and that it was for the plaintiff to show that the property sued for was hers.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. C. Williamson*, for the defendant.

*J. M. Keith*, for the plaintiff.

COLT, J. The plaintiff contends that her property employed in business is protected, as against an attaching creditor of her husband, by a certificate duly filed under the requirements of St. 1862, *c*. 198. The form of the certificate is in substantial compliance with the statute. *Harriman* v. *Gray*, 108 Mass. 229. *Cahill* v. *Campbell*, 105 Mass. 40.

The court was asked to instruct the jury that the plaintiff was not entitled to this protection, if the certificate contained a false statement within her knowledge, or if there had been an intermingling of her property with the property of her husband. These instructions the court properly declined to give. The first proposition has reference to the fact that it is expressly declared in the certificate, that the fixtures, with other property employed in the business, are the sole and separate property of the plaintiff, while it is conceded that the fixtures were at the time the prop-

erty of the husband. But this fact is wholly immaterial to the issue in the case. The question was as to the sufficiency of the certificate, and the actual ownership of the property attached by the defendant. The fixtures in question were not attached, and title to them is not in question. There is nothing in the statute which requires an enumeration, in the certificate, of the property to be protected by it. And if otherwise sufficient, a false statement in this respect cannot invalidate it. Nor does the fact that there was an intermingling of the property of the husband and wife defeat the protection afforded. The statute contains no such qualification of its effect, and contains no provisions like those to be found in the lien law or the statutes authorizing the formation of limited partnerships. Upon the question of the real ownership of the property, under the instructions given, full effect was allowed to the facts relied on. They ought not to be permitted to defeat an honest claim of ownership, and the jury have found that the property taken was the property of the plaintiff.

The receipted bills were properly admitted in evidence by the rule that papers produced on notice, and submitted to the inspection of the other side, become evidence for both parties at the trial. *Clark* v. *Fletcher*, 1 Allen, 53. 1 Green. Ev. § 563.

*Exceptions overruled.*