LOWELL TRUST COMPANY *vs.* ESTHER WOLFF.

Middlesex. January 10, 11, 1916. — March 2, 1916.

Present: RUGG, C. J., BRALEY, CROSBY, & PIERCE, JJ.

*Agency,* Scope of authority, Existence of relation. *Husband and Wife.* *Evidence,* Relevancy and materiality, Competency. *Practice, Civil,* Conduct of trial: order of proof.

At the hearing by a judge without a jury of an action by a bank against a married woman upon a promissory note signed with a firm name containing the name of the defendant's husband, there was evidence that, previous to a certain date, the husband had had a bank account with the plaintiff on which he drew checks signed with the firm name; that, fearing that his property was to

be attached, he conveyed to his wife all his real and personal property, including his business and bank account; that the defendant signed and recorded a married woman's certificate stating that she proposed to carry on a business, of the same description as that of her husband, under her own name; that on the same day the husband delivered to the plaintiff two cards, one signed by the defendant and authorizing her husband to "sign and indorse checks, notes and drafts, accept drafts, and transact all business with your bank in my name, as my attorney," and the other signed by the husband giving, as the authorized signature for the defendant's account with the plaintiff, the old firm name; that on the same day the defendant opened an account with the plaintiff under her own name; that thereafter for six and one half years the defendant's account remained with the plaintiff; that it was active, that checks signed in the old firm name were paid out of it, that deposits made in the old firm name were credited to it, and that notes signed by the husband in the old firm name were discounted by the plaintiff and the proceeds were placed to the credit of the account. There also was evidence that during this period the defendant lived in the yard where the business was carried on, gave orders to employees on the premises and directed what should be done as to the real estate. *Held*, that a finding was warranted that the defendant had authorized her husband to carry on the business, formerly his, for her, and that the note in suit was signed by him by her authority with a firm name under which she was doing business.

It also was *held* that, at the trial above described, daily balance books of the plaintiff were admissible, not only to show the state of the defendant's account, but also to show that the proceeds of the notes in suit, when they were discounted, were credited to the account of the defendant.

Under the foregoing circumstances, also, there being ample evidence other than statements by the husband to establish his agency for the defendant, evidence of statements of the husband to the effect that, after the opening of her bank account, the defendant would carry on the business under the old firm name but that the account at the bank would be in her individual name, were admissible, they not being testimony by an agent to establish his agency, but being testimony by the husband that he was not carrying on the business, but that his principal, the defendant, was.

The determination of the order of proof at a trial is within the discretion of the trial judge.

At the same trial, envelopes handed monthly by the plaintiff to the defendant's husband during the six and one half years that the account remained with the plaintiff, bearing the name of the defendant as a customer of the plaintiff with a statement of the monthly account and containing cancelled checks paid from the account and signed in the old firm name, were held to be admissible as independent evidence that the defendant carried on business under the old firm name.

The mere fact that a married woman signed and recorded a certificate under R. L. c. 153, § 10, that she proposed to do business on her separate account at a certain number on Howard Street in a city under her name, "E. Wolff," does not make illegal a business thereafter conducted by her without the recording of a new certificate at Apple Street in the same city under the name, "A. Wolff & Co.," which was a business name formerly used by her husband, although her failure to record a new certificate might make her husband liable upon contracts lawfully entered into by her in the prosecution of such business.

CROSBY, J.  This is an action of contract brought to recover upon certain promissory notes.  Abraham Wolff, the defendant's husband, for some years before November 18, 1905, carried on a scrap iron and metal business at Lowell under the name of A. Wolff Company, and had a bank account with the plaintiff in the name of A. Wolff, on which he drew checks signed A. Wolff Company.  This account was closed on December 4, 1905.  The record recites, and the judge of the Superior Court,* before whom the case was tried without a jury, found that "On November 18, 1905, being afraid that his (A. Wolff's) property was to be attached, he conveyed to his wife, this defendant, all his property, real estate, business and bank account."  On that date the defendant went to the office of an attorney where the real estate was transferred to her by her husband, and at the same time she signed a married woman's certificate in which it was stated that she proposed to carry on the business of dealer in scrap iron and metal at wholesale under the name of E. Wolff.  The certificate was dated and recorded November 18, 1905.  On the same day the defendant's husband delivered to the plaintiff two postal cards, one of which was signed by the defendant by her mark and contained the following recital:  "Below is the signature of Mr. A. Wolff, who is hereby authorized to sign and indorse checks, notes and drafts, accept drafts, and transact all business with your bank in my name, as my attorney."  The other postal card was filled out and signed by the defendant's husband.  It was known as a firm signature card.  It indicated that the authorized form of signature for the defendant was "A. Wolff & Co." and that "Mr. A. Wolff & Co. will sign."  An account was opened in the plaintiff's bank on the same day in the name of E. Wolff, the defendant, and was carried on the books of the bank until 1912 when the defendant's husband was adjudicated a bankrupt.  During all this period it was a continuous and active account, and checks signed by A. Wolff & Co. in the handwriting of the defendant's husband were paid out of the account.  All deposits made by A. Wolff & Co. were credited to the account of E. Wolff, and all notes discounted at the bank by the defendant's husband from 1906 to 1912, with one exception, were signed by A. Wolff & Co., and all notes signed by

---

* *Brown*, J., who found for the plaintiff in the sum of $6,185.17.  The defendant alleged exceptions.

A. Wolff & Co. were so signed by the defendant's husband and discounted by the plaintiff, and the proceeds credited to the account of E. Wolff.

The defendant denies that she carried on business at any time as A. Wolff & Co., or that she is liable upon the notes. She contends that she was carrying on the business from November 18, 1905, until November, 1906, under the name of E. Wolff, and that in November, 1906, the business was transferred by her to her husband and afterwards carried on by him.

1. The trial judge found that the defendant was carrying on the business from November 18, 1905, to June, 1912; that her husband was her duly authorized agent for that purpose and was empowered by her to sign checks and notes in the name of A. Wolff & Co. in the conduct of the business. The judge also found that the notes sued upon were given in renewal of previous notes that had been discounted by the plaintiff and placed to the credit of the defendant in the account of E. Wolff.

We are of opinion that these findings, if not required, were well warranted. Aside from the evidence above referred to, which would justify the inference that the business was being carried on by the defendant under the name of A. Wolff & Co. with her full knowledge and consent, there was other evidence to show that the business was conducted by her until her husband was adjudicated a bankrupt in 1912; there was evidence that she lived in the yard where the business was carried on, that she gave orders to the men at work on the premises, that she directed what should be done with reference to the real estate, and generally attended to whatever was necessary to be done.

We are of opinion that the trial judge was justified in finding that during this period the authority given by the defendant to her husband was not limited to signing checks, but that she also authorized him to sign notes in the name of A. Wolff & Co., and that, when she took the title to all his property, both real and personal, including the business and bank accounts to prevent the property from being attached by his creditors and filed a married woman's certificate, she authorized him to carry on the business for her. *Tozier* v. *Crafts,* 123 Mass. 480. *Nowell* v. *Chipman,* 170 Mass. 340. She admits that the business was hers during the year following November 18, 1905, but claims that she

turned it over to her husband at the end of that time, he in the meantime having settled with one of his creditors, as he testified, who "had threatened to attach." The judge was not bound to believe her testimony or that of her husband, but was justified in finding that there had been no such change in the ownership of the business.

2. The daily balance books of the bank were admissible not only to show the state of the defendant's account, but particularly as bearing upon the question of the consideration of the notes, to show that the proceeds were credited to the defendant.

3. The defendant's exception to the testimony of the plaintiff's actuary Connors that the defendant's husband told him on November 18, 1905, that the defendant would thereafter carry on the scrap iron and metal business under the name of A. Wolff & Co. but that the account was to run under the name of E. Wolff, cannot be sustained as there was independent evidence to show that he was authorized to act as her agent. *Deane* v. *American Glue Co.* 200 Mass. 459, 462. The order of proof in which the agent's declaration may be admitted is within the discretion of the court. *Sanford* v. *Orient Ins. Co.* 174 Mass. 416, 422. While, of course, agency cannot be established by declarations of the agent, still they are admissible to prove that the agent believed himself to be the agent of a particular principal and so held himself out, and that the third person dealt with him as such in good faith. *Nowell* v. *Chipman,* 170 Mass. 340. 2 C. J. 940. The declarations of the defendant's husband were therefore admissible to show that he was not carrying on the business on his own account after November 18, 1905. Upon the same ground, the testimony of the witness Banks to the effect that the defendant's husband told him (Banks) that "the business was run by her, but she allowed him to run A. Wolff & Co." was admissible.

4. The envelopes * containing cancelled checks delivered by

---

* These envelopes were described in the bill of exceptions as "certain envelopes or statements which had been handed by the bank to the defendant's husband monthly from November, 1905, until the time of his bankruptcy in 1912. All of these envelopes contained cancelled checks, paid from the account standing in the name of E. Wolff, and bore upon them the following inscription: 'Lowell Trust Co., in account with E. Wolff,' also the words: 'Please examine above statement and enclosed checks promptly.'"

the plaintiff to the defendant's husband were admissible as showing that the plaintiff charged the checks given by A. Wolff & Co. to the account standing in the name of E. Wolff, the defendant, as there was independent evidence which justified the finding of the court that the business was carried on by the defendant under the name of A. Wolff & Co.

5. The certificate recorded by the defendant on November 18, 1905, under R. L. c. 153, § 10, described the place where she proposed to do business as at Nos. 104, 106, 110, 110½ Howard Street in the city of Lowell. The business was afterwards transferred to a place on another street in the same city and was carried on under the name, "A. Wolff & Co.," without recording a new certificate. The business so carried on at the latter place was not illegal even if the defendant's failure to record a new certificate subjected the personal property employed in such business to be attached and taken on execution for her husband's debts, and made him liable upon her contracts lawfully entered into in the prosecution of such business. *Desmond* v. *Young,* 173 Mass. 90.

As the findings of the judge of the Superior Court were amply justified upon the evidence, it follows that the rulings requested could not have been given, nor do we perceive any error in the admission of evidence or in the conduct of the trial.

*Exceptions overruled.*

*S. E. Qua & A. S. Howard,* (*B. Silverblatt* with them,) for the defendant.

*J. J. Hogan,* for the plaintiff.