Mason, J.
This is an action of contract in which there was an attachment of property used in the business of wholesale candy selling under the name of Gould Candy Co.
Rose Gould, wife of the defendant, filed a petition to dissolve the attachment as the property was hers and was therefore wrongfully attached.
At a hearing on March 8th, 1940, it was agreed between Counsel for the Claimant and Counsel for the Plaintiff that an attachment had been made of the personal property employed in a certain business located at #131 Millbury Street, Worcester, Massachusetts, and that the said business was carried on by Rose Gould on her separate account and that she was a married woman and the wife of the defendant, Herman Gould.
*302 The Clerk of the City of Worcester was called and testified according to the records in his possession as follows:
(1) On December 30th, 1933, Bose Gould filed a married woman’s certificate stating she proposed to do business at No. 59 Vale Street, Worcester on her own account. The said certificate stated her name and that of her husband, the nature of the business, the place where it was to be carried on, and the name under which she proposed to do business.
(2) On September 15th, 1936 Bose Gould filed a married woman’s certificate at the same address ;
(3) On January 19th, 1939 Bose Gould filed the following certificate:
COPY" OF CEBTIFICATE
Worcester, Mass., January 19, 1939. To the City Clerk of the City of Worcester:
In accordance with the provisions of Chapter 110, Sec. 5, of the General Laws and Acts in Amendment thereof and in addition thereto, this is to certify that Bose H. Gould, 59 Vale St., Worcester, Mass, is doing business at No. 131 Millbury St., in this City, as Wholesale Candy Selling, under the name or designation of Gould Candy Co., and that he is the only person engaged in conducting such business or having any interest therein.
(Sign here) Bose H. Gould No. 59 Vale St. Worcester, Mass.
This certificate set forth that she was doing business under the name of ‘‘Gould Candy Company” at No. 131 Mill-bury Street, Worcester, where she continued carrying on her business until an attachment was made on February 16th, 1940, of goods belonging to her on the ground that there had been no compliance with General Laws ('Ter. Ed.) Chapter 209, Section 10. Judgment was rendered against Herman Gould but none against the petitioner.
*303 The petition to dissolve attachment was denied because there had not been a compliance with G. L. (Ter. Ed.) chapter 209 section 10. This section is as follows:
“If a married woman does or proposes to do business on her separate account, she shall cause to be recorded in the Clerk’s office of the town where she does or proposes to do such business a certificate stating her name and that of her husband, the nature of the business and the place where it is or is proposed to be carried on, giving, if practicable, the street and number, and the name, which shall not be her husband’s under which she proposes to carry on business. If the nature of the business or the place where or the name under which it is carried on is changed, a new certificate shall be recorded accordingly. If she fails to cause such certificates to be recorded her husband may do so. If such certificates are not so recorded by either husband or wife, the personal property employed in such'business shall be liable to be attached as the property of the husband and to be taken on execution against him, and the husband shall be liable upon all contracts lawfully made in the prosecution of such business in the same manner and to the same extent as if such contracts had been made by him. This section shall not, however, affect the rights of any person under any certificate filed or recorded prior to August first, eighteen hundred and ninety-eight.”
This section of the statutes has been strictly construed. See Harriman v. Gray, 108 Mass. 229; Desmond v. Young, 173 Mass. 90; Lowell Trust Co. v. Wolff, 223 Mass. 168.
Knowledge that the petitioner was carrying on business at 131 Millbury St., Worcester, is immaterial. In Parsons v. Henry, 197 Mass. 504 at page 510 it is said—
“But the ruling to which the plaintiff excepted, that, because of this knowledge that the claimant traded on her sole account, in equity he would be estopped from taking ad *304 vantage of this neglect even if no certificate had been recorded, cannot be supported. It is the purpose of the statute that the attaching creditor, either at law or in equity, shall be barred only by the recorded certificate. Chapin v. Kingsbury, 135 Mass. 580 ; S. C. 138 Mass. 194. The amendatory act changed an absolute to a qualified right by requiring a certificate as a precedent condition, if her property, either when used or when acquired in trade on her separate account, was to be exempt from seizure by her husband’s creditors. Through a voluntary failure to avail herself of this condition, the proceeds of the business as. between herself and them remained his property as at common law.”
Unless there' is an exact compliance with the terms of the statute, the property used in the business is liable for the debts of the husband whether such property belongs to the husband or to the wife. The certificates filed by the petitioner in 1933 and in 1936, specified a different place of business, and are no longer of any effect. The petitioner relies on the certificate filed January 19, 1939 hereinbefore set forth. But this certificate does not state the name of the petitioner’s husband. This is a failure to comply with an absolute requirement of the statute. It follows that, in the language of the statute “the personal property employed in such business shall be liable to be attached as the property of the husband and to be taken on execution against him.”
We find no prejudicial error. The report is dismissed.