## MARY A. MASON vs. CHARLES P. BOWLES.

Middlesex.    January 13. — 14, 1875.  AMES & ENDICOTT, JJ., absent.

A lease of a shop to a man, and notes signed by him for goods therein, are not conclusive evidence against his wife, who is carrying on business on her separate account, that the goods belong to the husband; and in an action of replevin by her against an officer, who has attached the goods as the property of the husband, she may show by parol evidence that the goods are hers.

On the issue whether goods, replevied from the officer who attached them as the property of the plaintiff's husband, were the plaintiff's separate property, the judge instructed the jury that the certificate filed in the city clerk's office by the plaintiff under the St. of 1862, c. 198, for the purpose of securing her property in trade from her husband's creditors was invalid, unless the business was correctly described therein, and that, if not correctly described, the plaintiff could not recover; that it was a question of fact for the jury whether the business carried on by the plaintiff was correctly described in her certificate; and that the certificate did not protect any property from attachment by her husband's creditors in which he had any interest; that evidence that the shop in which the goods were sold was hired by the husband in his own name, that he had a general superintendence in the purchase and sale of the goods, that in the purchase of the same he gave his notes in payment, and that at the entrance to the shop were two signs bearing the husband's name, was not conclusive evidence upon the question of the husband's interest in the goods; and that it was for the jury to say on the whole evidence whether the husband had any interest in the property taken. *Held*, that the instructions were sufficiently favorable to the defendant, and that he had no ground of exception.

REPLEVIN of a stock of goods, furniture and other articles, particularly described, in a shop and house numbered 11 on Merrimack Street, Lowell.

At the trial in the Superior Court, before *Bacon*, J., it appeared that the plaintiff was a married woman, and the defendant, a deputy sheriff, attached and took the property replevied, by virtue of two writs against Daniel W. Mason, the plaintiff's husband. The plaintiff offered evidence tending to show that for several years previously and at different places she had carried on trade and business on her sole and separate account, and that at the time of the attachment she was carrying on trade and business at No. 11 Merrimack Street in Lowell on her sole and separate account, and that pursuant to the St. of 1862, c. 198, she had filed a certificate, which was put in evidence,* in the office of

---

* This certificate, under date of September 28, 1871, and signed by the plaintiff, was as follows : " I, Mary A. Mason, hereby certify that I am a mar-

the city clerk of Lowell, that the goods replevied were her stock in said No. 11, and were her sole and separate property acquired by her in her trade and business so carried on ; that No. 11 comprised a shop in front where she carried on her trade and business, and also rooms in the rear occupied by the plaintiff, her children and her husband as their dwelling.

It appeared that the lease of said No. 11 was taken in the husband's name,* and that the stock of goods therein and also the fixtures were paid for by note or notes signed by the husband and indorsed by one Patrick Lynch ; that a stock of goods, claimed by the plaintiff as her sole and separate property, was moved from another place into the shop so leased and united with the stock already there, and purchased of one Eastman by the note or notes above named ; and that the stock of goods consisted, when so united, of millinery articles, hosiery, gloves and other varieties, including ale, beer, victuals and cigars.

The plaintiff testified that she purchased the stock and fixtures, including a beer pump, soda fountain and show cases, on her sole and separate account, and that the lease was taken in the name of her husband and the notes signed by him against her wishes, but for the purpose of assisting her to carry on her sole and separate business, and that she paid the notes out of the proceeds of her sole and separate property.

The defendant offered evidence tending to show that the note or notes were paid by the husband, and that he was daily in the shop, having general superintendence of the purchases and sales of goods and managing the business there transacted, and also tending to show that he paid the notes, and that the business was carried on and managed by him. On these points the evidence of the parties was conflicting.

---

ried woman, that the name of my husband is Daniel W. Mason, that I am now doing business on my sole and separate account, and hereafter purpose to do business on my sole and separate account; that the business I so propose to do and carry on is the keeping of a variety and fruit store; and the place where I propose so to do business is No. 11 Merrimack Street in Lowell, county of Middlesex and Commonwealth of Massachusetts, in which place I now reside."

* The lease contained a clause that the lessee should not "lease nor under-let, nor permit any other person or persons to occupy or improve the same."

It appeared that over or upon the door of the shop were two signs bearing the name of the husband.  The defendant offered evidence tending to show that the plaintiff declared to the defendant at the time of the attachment that the property replevied belonged to Patrick Lynch.  Eastman was called by the defendant as a witness, and testified that he sold the goods to the husband and made the lease to him and not to the wife, and that the husband paid the notes.  There was evidence that during a part of the time the plaintiff and her children slept in another place while her husband slept in the shop.  It appeared that shortly before the attachment the husband absconded.

The defendant asked the judge to instruct the jury : " 1. That if the lease was in the husband's name, if the signs at the shop door were also in his name, and if he himself was from day to day in the shop having a superintendence of its purchases and sales, then the wife's record notice of business there can be of no validity in this suit, nor was it valid as it did not correctly describe the business carried on there.  2. That the primary evidence of the sale from Eastman to Daniel W. Mason was in writing, as indicated by notes signed by Daniel W. himself at the delivery to him of the goods sold, and by a written lease to him alone in terms excluding all other tenants, and that these instruments cannot be contradicted by parol testimony, and that the plaintiff's verbal testimony, so far as it comes in conflict with the lease and the notes, is to be disregarded.  3. That if the jury should find that the goods in the shop were mixed, and that upon inquiry by the officer the plaintiff neglected to designate the ownership, she cannot now maintain this action, if the husband at that time had any ownership whatever in the articles of property taken."

The judge declined so to instruct the jury, but among other instructions, not objected to, instructed them as follows : " The plaintiff cannot maintain this action if, at the time of the taking, the husband had any ownership whatever in the articles taken, nor can the plaintiff recover, if the sole property of the wife was by her, in the transaction of her business, so mixed and intermingled with the husband's that the officer could not without her aid know what was hers and what was her husband's.  The certificate filed in the city clerk's office is invalid and of no effect

unless the business was correctly described therein; and unless so correctly described, the plaintiff cannot recover. It is a question of fact for the jury whether the business at the time carried on by the plaintiff was correctly described in her certificate. The certificate does not and cannot protect any property from attachment by her husband's creditors in which he has any ownership or interest. The facts in regard to the signs, to the signing of the notes, to the taking of the lease by the husband and to his superintendence of the business, are strong but not conclusive evidence for the jury as to the husband's interest or ownership in the property. It is for the jury to say, on the whole evidence, whether or not the husband had any interest or ownership in the property taken; in other words, whether or not it was the sole and separate property of the plaintiff. The fact that the lease was taken by the husband and that he gave and signed the notes for the stock of goods, has not been called in question; and though, as before stated, strong evidence of ownership in the husband, yet they do not constitute a contract in writing of sale from Eastman to the husband which cannot be contradicted by parol; but it is for the jury to say, on the whole evidence in this case, whether these facts prove that the goods replevied were or were not the goods of the husband, or whether or not he had any interest or ownership therein."

The jury found for the plaintiff, and the defendant alleged exceptions to all the instructions of the judge and to his refusal to give the instructions requested.

*T. Wentworth & R. B. Caverly,* for the defendant. 1. By the terms of the lease the wife's trade in the shop was forbidden; and if she entered there on her own sole and separate account, she became a trespasser.

2. The husband's signs upon and above the shop door contradicted the wife's notice. These signs or notifications in effect proclaimed to the customer and to the public, that the wife was not in trade there " on her sole and separate account; " leading as they must to deception and fraud, and consequently to the injury of the public.

3. The husband's daily presence there, negotiating the sales, and making the contracts in his own name, proved that the husband was in trade, not the wife; and the goods in law might well

be presumed to have been the property of the husband.  *Kelly*
v. *Drew*, 12 Allen, 107.  *Commonwealth* v. *Williams*, 7 Gray, 337.

4. If the notice at its inception had been legal, the wife, by the
signs, and by engaging the husband in the same trade, he holding
the lease and paying the bills in his own name, waived it.

5. The case finds that the notice did not contain a correct
description of the business.

*G. Stevens*, for the plaintiff, was not called upon.

BY THE COURT.  The writings between the husband and a
third person were not conclusive against the wife.  The case was
submitted to the jury with instructions sufficiently favorable to
the defendant.  *Miller* v. *Bannister*, 109 Mass. 289.  *Cahill* v
*Campbell*, 105 Mass. 40.                            *Exceptions overruled*