### JUSTIN R. HYLAND *vs.* WILLIAM J. HYLAND.

Hampden.   September 17, 1931. — January 25, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Practice, Civil*, Requests, rulings and instructions. *Conversion. Sale*, What constitutes, Conditional. *Evidence*, Presumptions and burden of proof, Admissions. *Estoppel.*

Refusals by a judge of a district court to grant requests, denominated "rulings," which involved findings of fact are not reviewable by this court upon an appeal from an order by the Appellate Division dismissing a report by the trial judge who found against the party making such requests.

In an action in a district court for conversion of a motor truck, it appeared that the defendant had purchased the truck from a vendor under a contract of conditional sale; that thereafter he transferred possession of it to the plaintiff, receiving from him thirteen unsecured promissory notes in amounts equalling in the aggregate the price named in the contract of conditional sale between the defendant and the vendor; that the truck was registered and insured in the name of the defendant; that, after nine of the plaintiff's notes had been paid and he was in default as to payment of those remaining, the defendant, who in the meantime had paid the full consideration price to his vendor, took possession of the truck, transferred three of the plaintiff's remaining notes to a third person, to whom he purported to sell the truck, and retained the fourth remaining note, which he did not return

nor offer to return to the plaintiff. At the hearing of the action there was evidence that the plaintiff and the defendant had agreed that the defendant would sign the conditional sale contract with his vendor, title to be taken in the defendant's name, but "as between themselves the plaintiff would be the real purchaser of the truck"; that the registering and insuring of the truck in the defendant's name were to protect it against attachment by creditors of the plaintiff then pressing him; that no written instrument of title, bill of sale, lease or conditional sale contract was delivered by the defendant to the plaintiff or entered into between them either at that time or later; and that, after the defendant took possession of the truck from the plaintiff, the plaintiff wrote the tax collector, relative to a tax for the year in which he had had possession, stating "that the truck did not belong to him for that tax period, but belonged to and was registered by the defendant instead, and that he (the plaintiff) was paying the defendant for use of it." The trial judge found that such letter was written "merely for the purpose of evading or attempting to evade the excise tax referred to"; inferred as a fact that at the time the defendant gave possession of the truck to the plaintiff he "transferred to the plaintiff all and whatever right, title and interest the defendant had in the truck, subject to the lien on the rights in the truck which the . . . [vendor] had by reason of the conditional sale contract"; "that, as between the plaintiff and the defendant, the former was the real purchaser of the . . . truck . . . [and] the beneficial title to the truck vested in the former at the time of such purchase." *Held*, that

(1) The principle of law that delivery of a chattel and payment of the purchase price are evidence that an immediate transfer of property therein is intended was applicable to the contract by the defendant, vendee under the contract of conditional sale, to sell his interest in the truck to the plaintiff;

(2) There was nothing in the evidence which necessarily controlled such evidence, and the judge was warranted in drawing the inference above quoted;

(3) A finding that such interest as the defendant acquired in the truck under the conditional sale contract was immediately transferred to the plaintiff was not inconsistent with the agreement between the plaintiff and the defendant;

(4) A finding was warranted that upon performance by the defendant of the conditions of his purchase from his vendor the plaintiff's interest in the truck ripened into title thereto;

(5) Whether the transaction between the defendant and the plaintiff was a second conditional sale was a question of fact on conflicting evidence; and the evidence did not require as a matter of law a finding to that effect;

(6) It could not be said as matter of law that the plaintiff was estopped by his conduct to assert against the defendant that the defendant retained no interest in the truck;

(7) The mere fact that, in fraud of his creditors, the plaintiff concealed his ownership of the truck and represented that the defendant

was its owner did not preclude the plaintiff from maintaining the action;

(8) A finding having been warranted that the plaintiff, as against the defendant, was in rightful possession of the truck when the defendant repossessed it, such repossession was a conversion.

Tort. Writ in the District Court of Springfield dated September 25, 1929.

In the District Court, the action was heard by *T. J. Collins,* J. Material evidence, and findings and rulings by the trial judge are described in the opinion. There was a finding for the plaintiff in the sum of $800. A report to the Appellate Division for the Western District was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*C. V. Ryan, Jr.,* for the defendant.

*H. M. Ehrlich, J. J. Shapiro, & J. L. Dowd,* for the plaintiff.

Field, J. This action of tort for conversion of a motor truck was brought in the District Court. The trial judge refused certain rulings requested by the defendant and found for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed.

The action concerns a motor truck purchased from the International Harvester Company of America, herein referred to as the seller. The judge found "that, as between the plaintiff and the defendant, the former was the real purchaser of the . . . truck . . . that, as between the plaintiff and the defendant, the beneficial title to the truck vested in the former at the time of such purchase, said beneficial interest being paid for by the delivery to and acceptance by the defendant of thirteen unsecured promissory notes of the plaintiff, totaling the purchase price of $1,765; that nine of these notes were paid by the plaintiff, three were sold by the defendant to the William H. Flood Coal Company, which reduced them to a judgment against the plaintiff, upon which judgment he is now paying, and the remaining note for $500 was retained by the defendant who has not returned nor at any time offered to return it to the plaintiff; that, when the notes due the . . . [seller] upon the conditional sale contract covering the truck were

paid in full, legal title to the truck vested in the plaintiff and merged with the equitable title, which was already in him; that the action and expressed intention of the defendant deprived the plaintiff of possession of the truck to which he was rightfully entitled, and constituted a conversion of the truck."

The only questions of law raised by the report are whether it was error for the judge to refuse to make the following rulings, as requested by the defendant, (a) "Upon all the law and evidence the plaintiff cannot prevail in that upon the evidence taken most favorably for him it can't be found that title, legal or equitable, to the truck in question was lodged in the plaintiff," and (b) "There is no evidence of a conversion of said truck by the defendant." The other so called "rulings" requested involved findings of fact, and the refusal to make them is not reviewable here. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449.

1. It was not error for the judge to refuse to rule that "Upon all the law and evidence the plaintiff cannot prevail in that upon the evidence taken most favorably for him it can't be found that title, legal or equitable, to the truck in question was lodged in the plaintiff."

This ruling could not have been made if the evidence warranted a finding that the plaintiff, who was indisputably in possession of the truck at the time of the alleged conversion, was rightfully in possession thereof, as against the defendant, by reason of having a general or special property therein. See *Raymond Syndicate* v. *Guttentag*, 177 Mass. 562, 564; *Bacon* v. *George*, 206 Mass. 566, 570. The evidence warranted a finding that the plaintiff at that time had such a property right in the truck.

There was evidence of the following facts: The plaintiff and the defendant agreed that the defendant would sign a conditional sale contract with the seller for the purchase of a truck, title to be taken in the defendant's name, but "as between themselves the plaintiff would be the real purchaser of the truck." The seller agreed to sell the truck in question for $1,765, payment to be made by the allowance of $865 for a truck belonging to the defendant and by

a conditional sale note for $900.  On December 16, 1927, the defendant gave to the seller a conditional sale note for $900 payable in instalments of $100 monthly, beginning January 15, 1928, with interest.  By the terms of this note title to the purchased truck was to remain in the seller until the note had been fully paid.  It was further agreed that if the defendant attempted to sell or to remove the truck the seller might declare the note and all instalments thereof immediately due and payable, and take possession of the truck and sell it.  The defendant signed an order for the truck in which it was stipulated that "title to the property herein ordered shall not pass to the purchaser until the full purchase price and all notes given therefor have been paid in cash."  Immediately thereafter the truck was driven by the plaintiff to the defendant's office and arrangements were made to register and insure it in the name of the defendant in order to protect it against attachment by creditors of the plaintiff then pressing him.  At the same time the plaintiff signed and delivered to the defendant thirteen notes, payable to the order of the defendant.  Twelve notes for $100 each were payable at monthly intervals beginning January 15, 1928, and the thirteenth note for $565 was payable sometime after the twelfth $100 note became payable.  When the plaintiff delivered these notes to the defendant, the defendant turned over the truck to the plaintiff.  "No written instrument of title, bill of sale, lease or conditional sale contract was delivered by the defendant to the plaintiff or entered into between them either at that time or later."  The judge inferred as a fact that at the time the defendant turned over the truck to the plaintiff he "transferred to the plaintiff all and whatever right, title and interest the defendant had in the truck, subject to the lien on the rights in the truck which the . . [seller] had by reason of the conditional sale contract which it held."

The defendant paid his note to the seller, making the last payment on September 17, 1928, when the note was surrendered to him.  The plaintiff paid his notes to the defendant up to and including the note for $100 payable

September 15, 1928, which was paid in October. Late in November, 1928, when the plaintiff's notes due October 15, 1928, and November 15, 1928, were unpaid, the truck, which up to that time had been in the possession of the plaintiff, came into the possession of the defendant under such circumstances that the plaintiff contends that the defendant converted it. Thereafter the defendant sold the truck to the William H. Flood Coal Company together with the three unpaid $100 notes of the plaintiff, but retained the remaining note. The defendant admits in his brief that since this sale the three $100 notes have been reduced to a judgment against the plaintiff.

The plaintiff, on September 26, 1929, wrote to the town tax collector, who had endeavored to collect from him an excise tax on the truck for the year 1928, a letter in which he stated "that the truck did not belong to him for that tax period, but belonged to and was registered by the defendant instead, and that he (the plaintiff) was paying the defendant for use of it." The judge found as a fact "that the letter was written by the plaintiff merely for the purpose of evading or attempting to evade the excise tax referred to."

It is not disputed that the defendant bought the truck from the seller under a conditional sale contract whereby title was retained by the seller until full payment of the purchase price, and that the purchase price was fully paid before the alleged conversion. As purchaser under the contract the defendant acquired immediately an interest or special property in the truck — sometimes described as an equitable or beneficial interest, though recognized at law as well as in equity — defeasible upon default by him in performance of the conditions of the sale, which interest he could assign subject to the rights of the seller. Upon performance by the defendant of the conditions of the sale his interest in the truck ripened into title in him, if he had not previously transferred such interest, or in his transferee, if he had done so. *Day* v. *Bassett,* 102 Mass. 445. *Currier* v. *Knapp,* 117 Mass. 324. *Rowe Vending Machine Co. Inc.* v. *Morris,* 276 Mass. 274, 280, 281, and cases cited.

The judge's inference that the defendant transferred his interest in the truck to the plaintiff was warranted by the evidence that the plaintiff and defendant agreed that the defendant would sign a conditional sale contract for the purchase of the truck and "title" thereto would be taken in the defendant's name, though "the plaintiff would be the real purchaser"; that the truck was delivered to the plaintiff, and that the plaintiff gave negotiable notes to the defendant for the full purchase price thereof, which was evidence of payment. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89, 94. Where there is a contract to sell a specific chattel "the property therein passes to the buyer at such time as the parties . . . intend," and for the purpose of ascertaining such intention regard is to be had "to the terms of the contract, the conduct of the parties, usages of trade, and the circumstances of the case." G. L. c. 106, § 20. *Murray* v. *Indursky*, 266 Mass. 220, 223. Delivery of the chattel and payment of the purchase price are evidence that an immediate transfer of property therein is intended. These principles are applicable to a contract of a conditional vendee to sell his interest in a specific chattel, so far as such interest is concerned. Nothing in the evidence in this case necessarily controls this evidence of delivery and payment. Since there was evidence that the parties agreed that the defendant would sign a conditional sale contract with the seller and since under such a contract title remains in the conditional vendor,. it could have been found that the "title" which was to be taken in the defendant's name was not title in its technical sense, but rather the interest of a conditional vendee. A finding that such interest as the defendant acquired in the truck under the conditional sale contract was immediately transferred to the plaintiff was not inconsistent with the agreement between the plaintiff and the defendant. It could have been found also that upon performance by the defendant of the conditions of his purchase from the seller the plaintiff's interest in the truck ripened into title thereto.

The defendant contends, however, that the transaction

between him and the plaintiff was a conditional sale by the defendant to the plaintiff of the defendant's interest in the truck, and that, therefore, upon default by the plaintiff in the performance of the conditions of this sale the plaintiff lost his property interest in the truck and, consequently, his right to possession of it as against the defendant. There was no documentary evidence or direct testimony that the transfer from the defendant to the plaintiff was a conditional sale, though there were some indications in the conduct of the parties, as shown by the evidence, that an absolute transfer to the plaintiff of the defendant's interest in the truck was not intended. But the question was one of fact on conflicting evidence and nothing in the evidence as matter of law precluded the finding that the transfer was absolute, subject to the rights of the original seller. Such a finding was not precluded by the evidence that the defendant was personally obligated to the seller for the purchase price of the truck, nor by the evidence of registration and insurance of the truck in the defendant's name, or of the letter from the plaintiff to the town tax collector in regard to the ownership of the truck in 1928. If the defendant transferred his entire interest in the truck to the plaintiff, registration thereafter in the defendant's name was not legal, since he had neither a general nor a special property therein, and the truck could have been registered only in the name of its "owner." G. L. c. 90, § 2. See, as to registration of a motor vehicle sold conditionally, *Downey* v. *Bay State Street Railway*, 225 Mass. 281; *Temple* v. *Middlesex & Boston Street Railway*, 241 Mass. 124, 126. Registration in the name of the defendant, therefore, was some evidence of ownership by him, but such evidence might be rebutted (*Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 518), and the judge could have found that it was rebutted. The participation of the plaintiff in obtaining registration and insurance of the truck in the defendant's name, and his sending a letter to the town tax collector stating that the truck belonged to the defendant, were not conclusive admissions that the defendant retained any interest therein, especially where, as here, there was

evidence warranting an inference to the contrary. *Bone* v. *Holmes*, 195 Mass. 495, 507. *Conant* v. *Evans*, 202 Mass. 34, 38. *Leary* v. *Keith*, 256 Mass. 157, 158–159. We cannot say as matter of law that the plaintiff was estopped to assert against the defendant that the latter retained no interest in the truck.

The defendant contends, also, that the plaintiff cannot prevail in this action for the reason that, in fraud of his creditors, he concealed his ownership of the truck and represented that the defendant was its owner. Even if there was such concealment and misrepresentation in fraud of creditors it does not follow that the transfer of title to the plaintiff by the defendant was not valid between the parties. The plaintiff can make out his case without reference to the fraudulent elements in the facts. *Lufkin* v. *Jakeman*, 188 Mass. 528, 532. See also *Hazelton* v. *Lewis*, 267 Mass. 533, 540. *Verne* v. *Shute*, 232 Mass. 397, is distinguishable.

Since the judge was warranted in finding — as he did find — that the plaintiff had title to the truck at the time of the alleged conversion, it is unnecessary to consider whether he could have found that the plaintiff's possession was rightful on any other ground.

2. It was not error for the judge to refuse to rule that there was no evidence of conversion of the truck by the defendant. The defendant admits that he repossessed the truck. If, as could have been found, the plaintiff, as against the defendant, was in rightful possession when the defendant repossessed it, such repossession was a conversion.

*Order dismissing report affirmed.*