Briggs, J.
This is an action of tort for personal injuries and consequential damages sustained by the plaintiff while a passenger in an automobile, owned and operated by the defendant. The declaration contained counts (1) based on negligence, (2) gross negligence, (3) wanton and reckless operation; and (4) violation of Sections one and four of Chapter 89 of the General Laws.
At the trial the Court, construing the evidence most favorably to the plaintiff could have found from the evidence that the accident happened near a cement paved state highway about thirty feet wide known as Washington Street, in the Town of Easton; that the plaintiff and the defendant had been on an automobile ride to the Cape; that there had been a general conversation during the trip, but as they reached Washington Street it had lapsed; that as they were *180 proceeding- along Washington Street over a mile before the scene of the accident, the defendant drove his automobile on the left side of the street, and the plaintiff spoke to the driver, saying — “What’s the matter, Phil”; that he said, “What!”, and immediately upon being spoken to he pulled his car over to the right hand side of the road; that about one half mile before the accident the car stopped for a traffic light, and upon the change of the light the defendant proceeded along; that thereafter about four hundred feet from the scene of the accident, the defendant again drove on the left side of the street, and the plaintiff again spoke to the defendant, saying — “What is the matter?”. The defendant made no reply — the car continued to drive toward the left of the roadway and the plaintiff again said —'“What is the matter?” and the defendant again failed to reply; that the plaintiff saw a telegraph pole in front of the car about five feet off the road, and screamed; that the front part of the car struck the pole, while proceeding at a speed of around thirty-five miles per hour, and caused injuries to the plaintiff; that the defendant had admitted that he was asleep. The Court would be warranted in finding- from the evidence that the defendant had ample warning of his condition, and that there was no excuse for continuing to drive his vehicle while in this sleepy condition, and that with this knowledge he continued to operate until his falling into a sleep caused his ear to strike a pole.
The defendant duly filed the following requests for rulings :
1. If the Court shall find that the plaintiff received her injuries as the result of the negligent operation of the defendant, without an intervening third party contributing to the accident, then the plaintiff is not entitled to recover under Count Four of her declaration.
2. If the Court shall find that no other vehicle was involved in the accident excepting the defendant’s, *181 then the plaintiff is not entitled to recover, under Count Four of her declaration, as being a violation of Ch. 89 of the General Laws, §1.
3. If the Court shall find that the defendant had an unobstructed view for a distance greater than one hundred yards, then the plaintiff is not entitled to recover, under Count Four of her declaration, relating to Ch. 89 of the General Laws, §4.
4. If the Court shall find that the defendant in the course of operating his automobile on Washington Street, in the Town of North Easton, collided with a tree or pole, then the mere fact of the collision is not gross and negligent operation, and the plaintiff is not entitled to recover.
5. If the Court shall find that the defendant operated his motor vehicle on Washington Street, in the Town of North Easton, and in the course of such operation struck a tree or pole, then the Court shall find that such operation was not conduct amounting to a wanton, reckless manner of operation.
6. In order for the plaintiff to recover under Count Three of her declaration, setting forth wanton, reckless manner of operation of the motor vehicle by the defendant, then the Court must find that the defendant acted wantonly, wilfully or recklessly only when he inflicted the injury intentionally, or the defendant was utterly indifferent to the rights of the plaintiff; that the defendant acted as if such rights did not exist.
7. The plaintiff is not entitled to recover under Count Four of her declaration by which the plaintiff seeks to recover, in accordance with the provisions of G. L., Ch. 89, §5, whereas this said Section was repealed on or about February 28,1936, and that it is a remedial statute and applies to all pending causes of action.
8. The plaintiff is not entitled to recover under Count Four of her declaration, in accordance with the provisions of G. L. Ch. 89, §5, as this statute was repealed on or about February 28, 1936, and a repeal of a statute without any reservation takes away the remedies given by the repealed statute, and defeats actions pending under it at the time of its repeal. See New London Northerly Railroad Company vs. Boston & Albany Railroad Company, 102 Mass. 386. .
*182 9. If the Court shall find that the defendant violated a statute in the course of operating his automobile, causing injury to the plaintiff, then the violation of the statute cannot be found to have caused the injuries.
10. The fact that the automobile went off the road and struck a tree, is not gross negligence on the part of the defendant.
The Court found for the plaintiff and made the following rulings upon the said defendant’s requests for rulings:
Nos. 1, 2, 3, 7, 8, & 9 — I do not pass on for the reason that I find the defendant was guilty of gross negligence as set forth in Count No. 2 of the Plaintiff’s declaration.
Nos. 6, 10 — Allowed.
Nos. 4, 5 — Are denied. Insufficient statement of all the facts altho a correct statement of law.
The Court made an additional memorandum — “I find the plaintiff was in the exercise of due care, and I find the defendant guilty of gross negligence.”
There was no error in the action of the Court on requested rulings numbered 1, 2, 3, 7, 8, 9. All these requests were founded on the fourth count in the declaration which related to violation of the provisions of Chapter 89. These requests became immaterial in view of the finding of fact by the Court that the defendant was guilty of gross negligence as set forth in the second count of the declaration. The Court further found as a fact that the plaintiff was not guilty of contributory negligence. Those findings appear warranted, and supported by the evidence. We cannot disturb them. They are decisive against the defendant. Loanes vs. Gast, 216 Mass. 197; Ashapa vs. Reed, 280 Mass. 47.
The fourth and fifth requests each related to fragments only of the evidence and were based on a factual premise upon which the judge was not required to deal specifically. *183 It was not error to refuse them. Shattuck vs. Eldredge, 173 Mass. 165; Hyland vs. Hyland, 278 Mass. 112, 115; Barnes vs. Berkshire St. Ry. Co., 281 Mass. 47.
The allowance of the tenth request, as drawn, was not 'inconsistent with the findings, and no error appearing in the action on the plaintiff’s requests, the report is
ORDERED DISMISSED.