ROBERT S. BURNS *vs.* HERBERT E. WINCHELL.

MYRA I. BURNS *vs.* SAME.

Hampden.    September 22, 1938. — February 27, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Motor Vehicle*, Registration. *Negligence*, Contributory, Violation of law. *Pleading, Civil*, Answer. *Evidence*, Presumptions and burden of proof, Record of registrar of motor vehicles, Of ownership. *Personal Property*, Ownership. *Words*, "Owner."

In actions by the operator of a motor truck for personal injuries and by its owner for damage thereto, illegal registration of the truck, though not specifically pleaded by the defendant, could be shown as evidence under an allegation of contributory negligence in his answers, and the burden of proving the illegal registration was on him.

Under G. L. (Ter. Ed.) c. 90, § 30, a statement in an application for registration of a motor vehicle, a certified copy of which was introduced in evidence, that the applicant owned the motor vehicle "as an individual" was some evidence that he was its sole owner.

Evidence, that a motor truck, used both in business conducted by husband and wife and for their personal purposes, had been purchased under a conditional sale contract naming the husband as vendee and had been paid for by delivery to the vendor of an automobile owned by the wife and by cash payments some of which were made by her and some from the business, did not as matter of law require a finding that she was not the sole owner of the truck when, two years after its purchase, it was registered in her name.

Two ACTIONS OF TORT.    Writs in the District Court of Springfield dated December 13, 1937.

The cases were tried before *Davis*, J., and in this court were submitted on briefs.

*M. J. Aldrich*, for the defendant.

*R. W. King & V. J. Zeo*, for the plaintiffs.

FIELD, C.J.    These two actions of tort brought in a district court grew out of a collision in 1937 between a motor truck operated by Robert S. Burns and an automobile operated by the defendant.    Robert S. Burns brought one of these actions to recover compensation for personal injuries sustained by him.    His wife, Myra I. Burns, brought

the other action to recover compensation for damage to the motor truck. The defendant in his answer in each action alleged contributory negligence, but did not specifically allege that the motor truck was not legally registered.

In the action brought by the male plaintiff the defendant requested rulings that there "is no evidence in the record to support a finding that the plaintiff was in the exercise of due care, and therefore he cannot recover," that upon "all the evidence the automobile operated by the plaintiff was illegally registered," and that upon "all the evidence the automobile operated by the plaintiff was owned jointly by the plaintiff and his wife and the registration in the name of the wife was illegal and the plaintiff cannot recover." In the action brought by the female plaintiff the defendant requested a ruling that upon "all the evidence the automobile for which plaintiff seeks to recover damages was illegally registered and plaintiff cannot recover." The trial judge denied these requests for rulings on the ground that he had "found to the contrary," or that he had "found that the registration was legal." In each case he made specific findings of fact including a finding that "the registration . . . was proper and legal," and found for the plaintiff. On reports to the Appellate Division of the refusal of the judge to rule as requested by the defendant the general findings for the respective plaintiffs were set aside and findings for the defendant ordered, on the ground that there was error in refusing to rule as requested. The plaintiffs appealed to this court.

The only question for decision upon these appeals is whether there was error in the refusal of any of the defendant's requests for rulings. *McKenna* v. *Andreassi*, 292 Mass. 213, 215. And since the defendant in effect concedes — apart from lack of legal registration of the motor truck — that recovery was not barred in either action by contributory negligence, only matters relating to the legality of the registration need be considered.

Though the fact that the motor truck was not registered as required by law was not specifically pleaded, it could have been shown under the allegation of contributory negligence

as evidence of such negligence. *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475, 476–477. *VanDresser* v. *Firlings*, *ante*, 51, 56. See also *Di Franco* v. *West Boston Gas Co.* 262 Mass. 387, 389–390. Where, as here, absence of legal registration could be shown under the pleadings as evidence of contributory negligence — as well as in cases where it is specially pleaded — the burden of proving that the motor truck was not registered as required by law was on the defendant. *Brewer* v. *Hayes*, 285 Mass. 144, 145. *MacInnis* v. *Morrissey*, 298 Mass. 505, 506. See also G. L. (Ter. Ed.) c. 231, § 85. No one of the defendant's requests for rulings in either case could properly have been granted unless it could have been ruled as matter of law on the evidence that the defendant's burden of proving that the motor truck was not legally registered had been sustained. We think that such a ruling could not rightly have been made. Whether on any other ground the denial of any of the requests for rulings could be supported need not be considered. See *Knowles* v. *Cashman*, *ante*, 56, 58–59.

The certificate of registration introduced in evidence showed that the motor truck was registered in the name of the female plaintiff and there was no evidence, and there is no contention, to the contrary. It is, therefore, to be taken as true that the motor truck was registered in her name. Such registration was legal unless she was not the "owner" of the motor truck within the meaning of G. L. (Ter. Ed.) c. 90, § 2. This word "owner," however, is not a technical term. It includes, of course, the sole owner of a motor vehicle. But it is not confined to a person having an absolute right in a motor vehicle, and in some circumstances, at least, may apply to a part owner of a motor vehicle. *Harlow* v. *Sinman*, 241 Mass. 462, 463–464. *Pearson* v. *Bara*, 263 Mass. 502, 504.

1. Whatever findings were warranted by the evidence it could not have been ruled as matter of law that sole ownership of the motor truck by the female plaintiff was negatived by the evidence. In both cases there was evidence — apparently oral, though the reports do not show by whom

the testimony was given — that the two plaintiffs "conducted jointly an unincorporated business known as Burns Bottling Company," herein referred to as the company, that the female plaintiff "did the bookkeeping and attended to the sales for said company," that the male plaintiff "attended to all other business affairs of the company," that the motor truck "was purchased from the Geo. E. Adams, Inc., of Springfield, primarily for use in the business affairs of said company and incidentally for personal use of . . . [the two plaintiffs] since they had no other automobile," that "said automobile was used in making deliveries to the said company's customers and at the time of the accident said automobile was being used to transport a tube of gas belonging to said company and it was being used at that time exclusively for said company." (There was evidence of like character in the action brought by the male plaintiff that his wife "was not present and was not riding in said automobile truck at the time of the accident.")

In both cases also there was evidence — apparently oral, though the reports do not show by whom the testimony was given — that the motor truck was purchased by the male plaintiff in 1935 in his own name under a conditional sale contract, and a part of the purchase price was paid by a transfer to the conditional vendor of an automobile owned by the female plaintiff and registered in her name at that time, that the balance due on the purchase price of said automobile was paid in eighteen equal instalments of $26 each, that some of these payments were made with money of the company and some of them with money belonging to the female plaintiff, and that the operating expenses of the motor truck when used in the business of the company were paid by the company.

"A copy of the original order to purchase said automobile truck signed by the husband as purchaser, and a duplicate copy of the conditional sales contract were introduced into evidence by the defendant. Said evidence showed that . . . [the male plaintiff] purchased said automobile truck as a conditional vendee." A certified copy of the application to register the motor truck for the year 1937 was intro-

duced in evidence. In the application the female plaintiff stated that she owned the motor truck "as an individual and that she acquired title to it from the Geo. E. Adams, Inc." In the report in the action brought by the male plaintiff it appeared that the application stated that the female plaintiff acquired such title "in 1935, the date plaintiff purchased it."

Though no burden of affirmative proof of facts essential to legal registration of the motor truck rested upon either plaintiff, the certified copy of the application of the female plaintiff for registration thereof constituted some evidence that she was its sole owner since it contained a statement that she owned it "as an individual." See *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 518; *Downey* v. *Bay State Street Railway,* 225 Mass. 281, 283; *Avila* v. *DuPont,* 278 Mass. 83, 88–89; *Hyland* v. *Hyland,* 278 Mass. 112, 119. Compare *Furtado* v. *Humphrey,* 284 Mass. 570, 573. By G. L. (Ter. Ed.) c. 90, § 30, it is provided that a "proper record of all applications and of all certificates and licenses issued shall be kept by the registrar" of motor vehicles and that "Certified copies of such records of the registrar . . . shall be admissible as evidence in any court of the commonwealth to prove the facts contained therein." Ownership is a vital fact required to be stated in the application. G. L. (Ter. Ed.) c. 90, § 1, as amended, § 2, as amended. *Furtado* v. *Humphrey,* 284 Mass. 570, 573. The provisions of the statute quoted, according to the natural interpretation of the language, cover the application for registration introduced in evidence in the present cases, including the statement of fact therein relating to ownership of the motor truck, even though such statement was not in the nature of an admission against the interest of the person making it. Of course such a statement may be rebutted. *Hyland* v. *Hyland,* 278 Mass. 112, 119. *Grover* v. *Smead,* 295 Mass. 11, 13.

The oral evidence, for aught that appears, was not binding upon either plaintiff and, even if uncontradicted, could have been disbelieved. But even if the evidence was true it was not necessarily inconsistent with sole ownership of

the motor truck by the female plaintiff, and would not require a finding that she was not the sole owner thereof, in accordance with her statement in her application for registration. The circumstances and purpose of the purchase of the motor truck and the manner of its use disclosed by this evidence do not necessarily preclude such sole ownership. Since a motor vehicle owned by her was turned in toward the motor truck and some of the instalments of the balance of the purchase price were paid by her, it would not be unlikely for her to be the sole owner of the new motor vehicle; for the instalment payments therefor — undetermined in amount — made by the company to be, so far as the interest of her husband therein was concerned, gifts from him to her; and for her to lend the motor truck to her husband to use in the business of the company. Compare *Nash* v. *Lang,* 268 Mass. 407, 409–410. And even if it was true, as the evidence tends to show, that the motor truck was purchased by the male plaintiff in his own name, it does not necessarily follow as matter of law that he was not acting for his wife in purchasing the new motor vehicle as well as in disposing of the old motor vehicle owned by her. The conditional sale contract in which the male plaintiff was named as vendee of the motor truck, however persuasive as matter of fact as to the ownership thereof, was not necessarily inconsistent with his having acquired the entire interest in the motor truck, subject to the rights of the conditional vendor therein, for his wife, or with his having transferred such interest to her before she registered the motor truck in 1937 in her name as owner. Compare *Hyland* v. *Hyland,* 278 Mass. 112. See also *Mason* v. *Bowles,* 117 Mass. 86. At most the evidence warranted, but did not require, a finding that the female plaintiff was not the sole owner of the motor truck, entitled as such to register it in her name. Consequently, the rulings requested by the defendant were refused rightly.

2. The special findings of the trial judge include not only a finding that the motor truck was legally registered, but also findings that it was owned jointly by the male plaintiff and the female plaintiff, husband and wife, and that at the

time of the accident it was being operated by the husband as the agent of the wife on the joint business of both. The defendant contends in substance that the evidence did not warrant a finding that the husband was the agent of the wife, and, consequently, that the motor truck was not legally registered, on the principle that registration of a motor vehicle in the name of a part owner is not legal registration of such motor vehicle when it is in the possession and control of another part owner in his own right and not as an agent of the part owner in whose name the motor vehicle is registered. See *Balian* v. *Ogassin,* 277 Mass. 525, 533–534, and cases cited.

We need not discuss this contention or the principles of law bearing thereon. This appeal brings before us for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division and matters of law touching the action of the Appellate Division. G. L. (Ter. Ed.) c. 231, §§ 108, 109. *MacDonald* v. *Adamian,* 294 Mass. 187, 190. *Amsler* v. *Quincy,* 297 Mass. 115, 117. The only rulings reported are the refusals of the trial judge to rule as requested by the defendant. The only rulings requested by the defendant were based upon all the evidence and, for reasons already stated, if not for others, could not rightly have been given, irrespective of the special findings made by the trial judge. No ruling as to whether the evidence warranted or required a finding that at the time of the accident the husband was operating the motor truck as the agent of his wife was requested or reported. Nor was any ruling requested or reported as to whether on the special findings of the trial judge the motor truck was or could be found to have been legally registered.

In each case, since there was no error in the reported rulings of the trial judge, the order of the Appellate Division must be reversed and the finding of the trial judge for the plaintiff stand.

*So ordered.*